# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

Jacob Gardner, et al. )
)
    Plaintiffs, )
)
v. ) Case No: 3:24-cv-00436-KAC-JEM
)
Consolidated Nuclear Security, LLC, )
)
    Defendant. )

## JOINT MOTION TO RESCHEDULE THE MOTION TO SEVER DEADLINE

1.     Come Plaintiffs and Consolidated Nuclear Security, LLC ("CNS"), by and through counsel, and respectfully request the Court to reschedule the current deadline for CNS to file any "motion to sever or drop a party."  Currently, the deadline for CNS to file any "motion to sever or drop a party" is June 16, 2025.  [R.13, Order.]  The parties propose extending the deadline to file a "motion to sever or drop a party" until August 22, 2025.

    For grounds, the parties respectfully submit the following:

2.     Plaintiffs have brought a 669-plaintiff collective action under the Fair Labor Standards Act (FSLA), 29 U.S.C. § 201, *et seq.* against CNS.  As the complaint acknowledges, plaintiffs work for CNS in "numerous crafts," which may total more than 30 different crafts.  [R.1, Compl. ¶ 2, PageID #: 7.]

3.     This Court long ago recognized that the nuclear weapons work performed in Oak Ridge after World War II was in "the purest meaning of a classical term . . . sui generis." *Young v. Kellex Corporation*, 82 F.Supp. 953 (E. D. Tenn. 1948).  That is still true today.  Workers in the same craft can perform different activities that may be relevant to whether they are similarly situated to other members of the collective action.  See *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1009 (6th Cir. 2023) and *Pierce v. Wyndham Vacation Resorts, Inc.*, 922 F.3d 741, 745 (6th Cir. 2019).  While some plaintiffs might be similarly situated based simply on their

craft, that isn't always true and the criteria governing severance will require the parties to carefully review the work being performed.

4.  CNS served written discovery on plaintiffs on or about April 9, 2025. By agreement, plaintiffs' responses are due on or before June 9, 2025. Likewise, by agreement, CNS's responses to plaintiffs' discovery requests are due July 19, 2025. However, it is anticipated that the parties may need additional time to compile and produce all the information responsive to the discovery requests. The parties have been working diligently and cooperatively during this discovery process. CNS will not have sufficient opportunity to review and evaluate plaintiffs' discovery responses prior to the current deadline.

5.  The parties have recently discussed selecting representative plaintiffs for the purpose of being deposed, testifying at trial and offering evidence relating to each party's motion practice. Such an approach will help make discovery and the trial more manageable. The parties believe that this selection process will be more productive after the parties exchange their responses to written discovery requests. The parties will continue to work cooperatively to determine how the information obtained through written discovery impacts selection of representative plaintiffs and severance of the claims.

6.  The parties have discussed the possibility of trying to reach an agreement regarding how to sever from one another at least some of plaintiffs' work groupings at CNS. It is possible that the parties will be able to reach an agreement that will make a severance motion unnecessary or at least narrow the focus of what the court will be asked to decide if a severance motion is filed. Given the host of issues and factual considerations involved in the analysis, it is unlikely the parties will be able to reach an agreement before the current deadline. Neither party will be prejudiced if the requested relief is granted. Instead, the parties and the court will benefit if the requested relief is granted to the extent the parties may be able to eliminate or at least narrow the issues requiring the court's time and consideration.

Respectfully submitted this 2nd day of June, 2025.

| **Attorneys for Plaintiffs** | **Attorneys for Defendant** |
| --- | --- |

*/s/Garry Ferraris*

Garry Ferraris (BPR#016086)

333 Huxley Road

Knoxville, TN 37922

(865) 256-3515

gferraris@ferrarislaw.com

/s/ *Jennifer B. Morton*

Jennifer B. Morton (BPR # 015585)

Summer H. McMillan (BPR # 020296)

**JENNIFER MORTON LAW, PLLC**

8217 Pickens Gap Road

Knoxville, TN 37920

(865) 579-0708

jen@jmortonlaw.com

summer@jmortonlaw.com

*/s/ Kristi McKinney Stogsdill*

Kristi McKinney Stogsdill

Senior Counsel

Consolidated Nuclear Security, LLC

P.O. Box 2009

Oak Ridge, TN 37831-2009

(865) 576-0432

Kristi.Stogsdill@12nsc.doe.gov

*/s/ John C. Burgin Jr.*

John C. Burgin Jr. (BPR #013731)

John E. Winters (BPR #016345)

Bryce E. Fitzgerald (BPR #033289)

Kramer Rayson LLP

P.O. Box 629

Knoxville, TN 37901-0629

(865) 525-5134

jcburgin@kramer-rayson.com

jwinters@kramer-rayson.com

bfitzgerald@kramer-rayson.com