# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | |
|---|---|
| Jacob Gardner, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No: 3:24-cv-00436-KAC-JEM |
| | ) |
| Consolidated Nuclear Security, LLC, | ) |
| | ) |
| Defendant. | ) |

## CONSOLIDATED NUCLEAR SECURITY, LLC'S
## ANSWER[1] TO THE AMENDED COMPLAINT

Consolidated Nuclear Security, LLC (CNS), answers the amended

complaint as follows:

1. Plaintiffs bring this action against Consolidated Nuclear Security, LLC ("CNS") for legal relief to redress unlawful violations of Plaintiffs' rights under the Fair Labor Standards Act of 1938, as amended, ("FLSA" or "the Act"), 29 U.S.C. §201, *et seq.*, to remedy violations of the wage provisions of the Act by the Defendant which have deprived the named Plaintiffs of their lawful wages. This suit is brought on behalf of the named Plaintiffs pursuant to §216(b) of the Act.

   **Response**: CNS admits the named plaintiffs assert claims arising under

the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. § 216(b) but denies

it violated the FLSA as alleged in the amended complaint.

2. This action is being brought to recover unpaid overtime compensation owed to the Plaintiffs, current or past employees of Defendant, pursuant to the FLSA. Plaintiffs have been employed by Defendant in numerous crafts as non-exempt employees. Specifically, Plaintiffs worked for Defendant under a management and operating contract with the National

---

[1] For the convenience of the Court and the parties, CNS's answer sets forth a correct copy of the allegations in the amended complaint before stating an answer to those allegations. This should not be construed as an admission that CNS agrees with any of the amended complaint's allegations.

Nuclear Security Administration (NNSA) in Oak Ridge, Tennessee, at the Y-12 facility.

**Response**: CNS admits that the action was brought to recover allegedly unpaid overtime compensation pursuant to the FLSA as alleged in the first sentence of paragraph 2 but CNS denies it violated the FLSA. CNS admits that one or more plaintiffs worked for CNS as non-exempt employees but states that the wages, terms and conditions of plaintiffs' employment are governed by the Collective Bargaining Agreement (CBA) between the Atomic Trades and Labor Council (ATLC) and CNS. For answer to the third sentence, CNS states that at times material to the allegations in the amended complaint, one or more plaintiffs were employed by CNS and worked at the Y-12 National Security Complex in Oak Ridge, Tennessee, within the scope of work set forth in the Management and Operating Contract between CNS and the National Nuclear Security Administration (NNSA).

3. For at least three years prior to the filing of this Complaint and continuing until September 10, 2024, Defendant committed violations of the FLSA by requiring and/or suffering and/or permitting Plaintiffs to work more than forty hours per week without paying them for all overtime pay at a rate of one and a half times higher than their regular rate of pay as required by law.

    **Response**: CNS denies the allegations in paragraph 3.

4. Plaintiffs seek injunctive and declaratory relief; overtime premium for all overtime work required, suffered and/or permitted by Defendant; liquidated damages; prejudgment and post-judgment interest; attorney's fees; costs; and all other damages permitted by 29 U.S.C. §216(b) or other provisions of the FLSA.

    **Response**: CNS admits plaintiffs seek the relief stated in paragraph 4 but denies that plaintiffs, collectively or individually, are entitled to any relief.

5.	Plaintiffs currently reside or formerly resided in the Eastern District of Tennessee and are citizens of the United States. Plaintiffs were employed by Defendant, for the purposes of this civil action, during part or all of the three years prior to the filing of this action.

**Response**:  CNS admits that one or more of the plaintiffs reside in the Tennessee counties that comprise the United States District Court for the Eastern District of Tennessee as stated in 28 U.S.C. § 123(a).  CNS admits that it employed one or more of the plaintiffs during part or all of the three years before plaintiffs filed the civil action with the consents attached to the complaint as Exhibit A [R.1-3] or the amended complaint as Exhibit A [R.22-1].  *See* 29 U.S.C. § 256.

6.	During their employment with Defendant, Plaintiffs were paid an hourly rate of pay as required by their collective bargaining agreement. While employed by Defendant, Plaintiffs regularly worked more than 40 hours per week but did not receive all overtime compensation to which they were entitled under the Act.

**Response:**  For answer to the first sentence in paragraph 6, CNS states that the wages, terms and conditions of the plaintiffs' employment were established by the CBA between CNS and the ATLC. For answer to the second sentence, CNS acknowledges that one or more plaintiffs worked in excess of 40 hours in a work week but denies all other allegations in the second sentence.

7.	At all times material to this action, Plaintiffs were Defendant's "employees" as defined by §203(e)(1) of the FLSA and worked for Defendant within the territory of the United States, specifically in the Eastern District of Tennessee, for part or all of the three-year period preceding the filing of this lawsuit. These same individuals are further covered by §207 of the FLSA for the period in which they were employed by Defendant.

**Response**:  CNS admits that one or more of the plaintiffs worked for CNS as employees in Anderson County, Tennessee, during part or all of the three years

before plaintiffs filed this civil action. CNS denies that these plaintiffs were "covered" by 29 U.S.C. § 207 as alleged but does not contend that, during the time a plaintiff was represented by the ATLC, that that plaintiff was exempt from the overtime provisions set forth in section 207(a). *See* 29 U.S.C. § 216.

8. Defendant is a Delaware corporation engaged in commerce as defined by the FLSA and which provides services for the federal government at the Y-12 National Security Complex and has its place of business at 301 Bear Creek Road, Oak Ridge, Tennessee 37830. Plaintiffs will attempt to serve process on Defendant through Waiver of Service of Summons pursuant to Rule 4 of the Federal Rules of Civil Procedure. Alternatively, Defendant may be served with process through its registered agent, United Agent Group, Inc., 205 Power Place, Brentwood, Tennessee 37027-7522.

**Response**: For answer to the first sentence, CNS denies that it is a corporation because it is organized and does business as a Limited Liability Company. CNS admits that it manages and operates the Y-12 National Security Complex in Oak Ridge, Tennessee, pursuant to a contract with NNSA. For answer to the second sentence, CNS states that it agreed to accept the waiver of service of summons pursuant to Rule 4 of the Federal Rules of Civil Procedure.

9. Defendant CNS has been the "employer" of the named Plaintiffs as defined by Section 203(d) of the FLSA.

**Response**: CNS admits that one or more of the plaintiffs were CNS employees during part or all of the three years before plaintiffs filed the civil action or the amended complaint.

10. Defendant is subject to personal jurisdiction in the State of Tennessee for the purposes of this lawsuit.

**Response**: CNS admits the allegations in paragraph 10.

11. The overtime provisions set forth in §207 of the FLSA apply to Defendant's business and govern its business operations and activities.

**Response**: For answer to paragraph 11, CNS states during the time plaintiffs were represented by the ATLC that CNS observed and followed the requirements set forth in 29 U.S.C. § 207.

12. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, federal question jurisdiction, and pursuant to 29 U.S.C. § 216(b).

**Response**: CNS admits the allegations in paragraph 12.

13. Venue is proper in the Eastern District of Tennessee where all violations occurred and where Defendant's place of business was located.

**Response**: CNS admits venue in the United States District Court for the Eastern District of Tennessee is proper and that it has a place of business in Anderson County, Tennessee, but denies all other allegations in paragraph 13.

14. Defendant has intentionally and repeatedly engaged in a practice of improperly and unlawfully failing to pay non-exempt employees, including Plaintiffs, in violation of the FLSA and corresponding federal regulations.

**Response**: CNS denies the allegations in paragraph 14.

15. Defendant has intentionally and repeatedly engaged in the practice of under-reporting the hours worked by its non-exempt employees in violation of the FLSA. In addition, Defendant's agents and/or employees have required Plaintiffs to engage in work before the designated starting time and after the designated quitting time changing clothes and performing miscellaneous work activities.

**Response**: CNS denies the allegations in paragraph 15.

16. Defendant knew that it was required to compensate Plaintiffs for activities after the triggering of the continuous workday because hourly CNS employees such as guards, guard supervisors, and firefighters are compensated under similar circumstances for changing clothes.

**Response**: CNS denies the allegations in paragraph 16.

17. By its actions alleged herein, Defendant willfully, knowingly, and/or recklessly violated the FLSA and corresponding federal regulations.

**Response**: CNS denies the allegations in paragraph 17.

18. Defendant willfully and intentionally engaged in a pattern and practice of violating the FLSA as detailed herein, by preventing or endeavoring to prevent the proper compensation of Plaintiffs in accordance with §207 of the FLSA. Defendant has intentionally and repeatedly engaged in the practice of under-reporting hours worked by its non-exempt employees in violation of the FLSA. In addition, Defendant's agents and/or employees have specifically required Plaintiffs to do the following:

   a) work off the clock when performing miscellaneous work activities.

   b) engage in waiting time and walking time without counting the time as hours worked after performing the first principal work activities to begin the continuous workday and not counting hours worked before the last work activities at the conclusion of the workday.

   c) engage in principal work activities that expose Plaintiffs to substantial hazards, including but not limited to electric shock or arc-flash, fire, physical hazards, radiological, uranium, beryllium, asbestos, lead, hexavalent chromium, lithium, biologic agents, transuranic waste, or other toxic substances.

   d) without pay, change into and out of required Defendant-provided clothing, including but not limited to flame resistant and/or arc-rated clothing, shirts, pants, coveralls, jackets, raincoats and rain pants, socks, undergarments, safety boots, safety glasses, and other protective clothing, that is integral and indispensable to Plaintiffs' principal activities despite Defendant not qualifying for the exception for clothes changing under 29 U.S.C. §203(o).

**Response**: CNS denies the allegations in paragraph 18, including the allegations in subparagraphs a, b, c, and d. For further answer, CNS states that to the extent one or more plaintiff may have worked near the elements, compounds, or energy systems described in subparagraph 18(c), pursuant to section 29 U.S.C. § 203(o), the ATLC and CNS had an express agreement and had adopted a custom or practice under a bona fide collective-bargaining agreement

applicable to the plaintiffs that the time spent in changing clothes or washing at the beginning of each workday would be excluded from measured working time and that employees would be provided with a reasonable amount of time to wash up and change clothes before the end of the shift.

19. Plaintiffs bring this action on behalf of Defendant's non-exempt hourly employees who have been improperly compensated in violation of the FLSA.

**Response**: For answer to paragraph 19, CNS denies any employees were "improperly compensated" or that the FLSA permits employees to maintain actions "on behalf of" employees who have not filed consents to become party plaintiffs. Further answering, CNS states that one or more plaintiffs worked for CNS but that the plaintiffs are not similarly situated and therefore joinder of all the plaintiffs in this civil action is contrary to Federal Rule of Civil Procedure Rule 20 and Sixth Circuit Precedent.

20. Plaintiffs were employed directly by Defendant in jobs within work groups defined by the CNS collective bargaining agreement with the Atomic Trades and Labor Council

**Response**: CNS admits that one or more plaintiffs worked for CNS but states that the CBA describes "rate" or "seniority" groups in Appendix A. CNS denies that there are Radiological Control Technician (RCT), Material Controller, or Industrial Hygiene (IH) Technician "groups" and states that the wages, terms, and conditions for RCTs, Material Controllers, and IH Technicians are governed by Addendums A, D, and E of the CBA.

21. Defendant issued compensation to Plaintiffs during their employment with Defendant. Plaintiffs were not compensated for all overtime hours to which they were entitled under the FLSA.

**Response**: For answer to the first sentence in paragraph 21, CNS states that it paid wages and other benefits to plaintiffs pursuant to the terms of the CBA. CNS denies the allegations in the second sentence.

22. As a result of the Defendant's violations of the FLSA, Plaintiffs have suffered damages by failing to receive their lawful overtime wages in accordance with Section 207 of the FLSA.

**Response**: CNS denies the allegations in paragraph 22.

23. Prior to September 10, 2024, Defendant made no good faith effort to comply with the FLSA's requirements to properly compensate Plaintiffs and other similarly situated employees for overtime worked.

**Response**: CNS denies the allegations in paragraph 23.

24. On September 10, 2024, Defendant began to implement changes to comply with FLSA requirements by correcting its unlawful pay practices as part of a settlement agreement reached in a nearly identical case before this Court, Hutzler, et al. v. Consolidated Nuclear Security, LLC, No. 3:21-cv-00304-TAV-DCP. In Hutzler, the parties negotiated a resolution to the same issues presented in this case, and this Court approved that settlement on August 27, 2024, finding that the negotiated resolution was a fair and reasonable compromise of a bona-fide dispute.

**Response**: CNS denies the allegations in the first sentence of paragraph 24 that it "began to implement changes to comply with FLSA requirements" on September 10, 2024. Further answering, on April 4, 2024, CNS and the ATLC entered into a Memorandum of Understanding which acknowledged that CBA Article XVI, Section 11 stated that the "Company will maintain its present practice of allowing employees a reasonable amount of time to wash up and change clothes", that CNS and the ATLC had "consistently interpreted" the provision to "apply to washing up and changing clothes at the end of the shift",

that CNS had notified the ATLC of its plans to adjust its clothes changing practices at the beginning of the regularly scheduled workday so that "employees will be directed to change at the beginning of the scheduled shift. The Parties understand changing into clothes will be on paid time and should not occur before the start of the scheduled shift." While CNS also agreed to these changes as part of the settlement agreement (mentioned below) CNS denies that these changes were made to "correct[] its unlawful pay practices" and states that the settlement agreement (also referred to in paragraph 24, of the amended complaint) included a provision stating the "Agreement was not an admission of liability by Defendant, does not imply that Defendant engaged in any unlawful or wrongful conduct and Plaintiffs will not use this Agreement as evidence of the same." For further answer, CNS denies this action is "nearly identical" to the civil action docketed in this Court as Hutzler, et al. v. Consolidated Nuclear Security, LLC, Case No. 3:21-cv-00304-TAV-DCP and further denies, as asserted in the second sentence, that the Hutzler action presented the "same issues presented in this case." CNS admits that this Court approved a negotiated settlement of disputed claims in Case No. 3:21-cv-00304-TAV-DCP on or about August 27, 2024.

25. Plaintiffs in the present case are similarly situated to the plaintiffs in Hutzler and make identical allegations that Defendant CNS violated the FLSA when it failed to pay them required overtime wages for work performed in the same scope and manner as the Hutzler plaintiffs. Specifically, Plaintiffs in this case are similarly situated to the plaintiffs in Hutzler because Defendant CNS has required them to perform miscellaneous work activities, including changing clothes, walking, and waiting, before the designated starting time and after the designated quitting time without compensation as required by the FLSA.

   **Response**: CNS denies the allegations in paragraph 25.

26. As a result of the unlawful acts of Defendant prior to September 10, 2024, Plaintiffs have been deprived of their rightful wages, including overtime compensation, in an amount to be determined at trial; and they are entitled to recovery of such amounts; declaratory and injunctive relief; liquidated damages; pre-judgment interest and post-judgment interest; attorney's fees, costs, and all other compensation and relief permitted by the FLSA.

**Response**: CNS denies the allegations in paragraph 26.

27. Contemporaneously with the filing of this complaint, each additional Plaintiff has filed his or her Consent to Become Party Plaintiff, attached hereto as Exhibit A.

**Response**: CNS admits that consents to become party plaintiffs are included in exhibit A to the first complaint and the amended complaint, that these consents were filed with the complaint or amended complaint.

## PLAINTIFFS' PRAYER FOR RELIEF

1. That the Court enter a declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2. That an injunction issue against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in the unlawful practices, policies and patterns set forth herein in violation of FLSA;

3. That Plaintiffs be awarded damages, including liquidated damages and overtime compensation owed to them under the FLSA in an amount to be determined at trial;

4. That Plaintiffs be awarded costs and expenses for this civil action, including reasonable attorney's fees and expert fees;

5. That the Court award pre-judgment and post-judgment interest, as provided by law;

6. That the Court award such other and further legal and equitable relief as this Court deems necessary, just, and proper.

7. Plaintiffs request a jury trial on all questions of fact raised by this Complaint.

**Response**: CNS denies that the plaintiffs are entitled to any of the relief requested in the amended complaint and submits that the claims should be dismissed with prejudice.

CNS denies each and every allegation in the amended complaint that it has not expressly and unambiguously admitted in this Answer.

CNS demands a jury on all causes of action in the Complaint.

## AFFIRMATIVE DEFENSES

### First defense

The amended complaint fails to state a claim upon which relief may be granted.

### Second defense

The plaintiffs' activities before the scheduled start of their shift(s), including changing into clothes, do not constitute work or compensable time within the meaning of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et. seq. or the Portal-to-Portal Act, 29 U.S.C. § 251(a) et seq.

### Third defense

The donning or doffing of clothes by one or more plaintiffs constitutes time spent changing clothes within the meaning of 29 U.S.C. § 203(o). Under 29 U.S.C. § 203(o), whether employees were entitled to compensation for time spent changing clothes was governed by an express agreement or was part of a custom or practice under the CBA.

### Fourth defense

CNS made a reasonable, good faith effort at all times to comply with the Fair Labor Standards Act, including all regulations, orders, rulings, approvals,

and interpretations related to it, with respect to its compensation of plaintiffs and other similarly situated employees. CNS had reasonable grounds to believe its compensation of plaintiffs and other similarly situated employees was compliant with the Fair Labor Standards Act. Consequently, under Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, CNS cannot be liable for liquidated damages.

## Fifth defense

CNS avers it complied with the Fair Labor Standards Act, but any violation found was inadvertent, not willful, intentional, knowing, or reckless. Consequently, in the event and to the extent that a plaintiff is deemed entitled to damages, they may only calculate those damages by looking back two years, not three, from the date each plaintiff consented to be a party plaintiff in this civil action. *See* 29 U.S.C. § 256.

## Sixth defense

If plaintiffs were not compensated for putting on or removing items other than clothes, that time is also considered "time spent . . . changing clothes or washing" and, therefore, not compensable.

## Seventh defense

CNS reasonably and in good faith relied on an express agreement or custom and practice in effect since at least 1961 in which ATLC represented employees working for CNS and predecessor contractors at the Y-12 National Security Complex dressed for work on their own time without compensation and were allowed a "reasonable amount of time to wash up and change clothes" before the end of the shift. Because all CBAs with the ATLC since at least 1961 had left this practice unchanged, plaintiffs' claims to the contrary are estopped.

### Eighth defense

To the extent plaintiffs' claims require or depend on an interpretation of the CBA their exclusive remedy is under the terms of the CBA.

### Ninth defense

Plaintiffs are precluded from receiving any equitable relief under the doctrine of unclean hands.

### Tenth defense

To the extent plaintiffs have waived, ratified, released or otherwise acted to estop their claims, those claims are barred.

### Eleventh defense

CNS states that the plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

### Twelfth defense

To the extent CNS paid one or more plaintiffs "extra compensation" as used in 29 U.S.C. § 207(h), that extra compensation is claimed as a credit or offset to any amount found to be due that plaintiff for overtime during the work week.

Respectfully submitted this 18th day of December 2025.

Attorneys for Consolidated Nuclear Security LLC

Savannah D. McCabe
Associate General Counsel
Consolidated Nuclear Security, LLC
P.O. Box 2009
Oak Ridge, TN 37831-2009
(865) 241-9711
savannah.mccabe@y12nsc.doe.gov

/s/ John C. Burgin Jr.
John C. Burgin Jr. (BPR #13731)
John E. Winters (BPR #16345)
Bryce E. Fitzgerald (BPR #033289)
Kramer Rayson LLP
P.O. Box 629
Knoxville, TN 37901-0629
(865) 525-5134
jcburgin@kramer-rayson.com
jwinters@kramer-rayson.com
bfitzgerald@kramer-rayson.com