# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

Jacob Gardner, et al.          )
                                      )
       Plaintiffs,           )
                                      )
v.                                 ) Case No: 3:24-cv-00436-KAC-JEM
                                      )
Consolidated Nuclear Security, LLC,    )
                                      )
       Defendant.         )

## CONSOLIDATED NUCLEAR SECURITY, LLC'S
## MOTION FOR SUMMARY JUDGMENT

Consolidated Nuclear Security, LLC ("CNS") moves the Court to enter summary judgment in its favor on all the Plaintiffs' claims. As grounds CNS states:

Plaintiffs cannot recover for time spent changing clothes before the designated starting time. There was a long-standing custom and practice under a bona fide Collective Bargaining Agreement (CBA) of not paying employees to change clothes. Under 29 U.S.C. § 203(o), time spent changing clothes does not count as hours worked. Thus, CNS is entitled to summary judgment on Plaintiffs' claim for clothes changing before the designated starting time.

Second, CNS compensated plaintiffs for time spent changing clothes before the end of the shift pursuant to § 203(o). This bars Plaintiffs' claim that they are entitled to compensation for "changing clothes, walking, and waiting . . . after the designated quitting time." If plaintiffs seek compensation for the sporadic times when clothes changing might have occurred after the designated quitting time, summary judgment is proper because the claim is barred by § 203(o) and Plaintiffs only relief is to pursue remedies under the CBA.

Third, Plaintiffs' claim that they are due compensation for "waiting time and walking time" before the designated starting time relies on *Franklin*'s holding that clothes changing excluded by

§ 203(o) could nevertheless be integral and indispensable to a principal activity and commence the continuous workday. This holding cannot be reconciled with later Supreme Court interpretations of § 203(o) and the Portal-to-Portal Act. Thus, CNS is entitled to summary judgment on Plaintiffs' claim that they are due compensation for waiting time and walking time before the designated starting time.

To the extent Plaintiffs seek additional compensation for time spent undergoing security screenings and waiting in line for security screenings after the end of their shift, *Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27 (2014), precludes Plaintiffs from obtaining compensation for these activities.

For these reasons and the reasons explained in CNS's brief in support of its motion for summary judgment, CNS submits that it is entitled to summary judgment on all the Plaintiffs' claims. Alternatively, should the Court not grant summary judgment on the Plaintiffs' post-changing "waiting time and walking time" before the shift, CNS submits that the Court should certify the continuing validity of *Franklin* for interlocutory appeal.

Respectfully submitted this 9th day of February 2026.

_____
John C. Burgin Jr. (BPR #13731)
John E. Winters (BPR #16345)
Bryce E. Fitzgerald (BPR #033289)
Kramer Rayson LLP
P.O. Box 629
Knoxville, TN 37901-0629
(865) 525-5134
jcburgin@kramer-rayson.com
jwinters@kramer-rayson.com
bfitzgerald@kramer-rayson.com