## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## KNOXVILLE

Jacob Gardner, et al.

      Plaintiffs,

v.

Consolidated Nuclear Security, LLC,

      Defendant.

Case No: 3:24-cv-00436-KAC-JEM

(JURY DEMANDED)

---

## DECLARATION OF RACHHANA T. SREY PURSUANT TO FED. R. CIV. P. 56(d)

---

I, Rachhana T. Srey, declare as follows:

1. I am one of the attorneys representing the Plaintiffs in the above-captioned matter. I submit this declaration pursuant to Fed. R. Civ. P. 56(d).

2. The Complaint in this action was filed in October of 2024. (ECF No. 1.) CNS answered in December of 2024. (ECF No. 24.) The parties filed their Rule 26(f) planning report on February 17, 2025. (ECF No. 11.) That same day, CNS moved for a scheduling conference. (ECF No. 12.)

3. The Court denied CNS's motion, but explained:

> [I]t is prudent to phase scheduling in this action. First, the Parties may engage in discovery and Defendant may file any motion to sever or drop a party[.] Second, the Parties will proceed to Phase Two covering the merits that remain in the case[.] The Court sets the below Phase One schedule. In Phase One, the Parties may conduct discovery on Plaintiffs' assertions in the Complaint and whether all Plaintiffs are properly joined in this action[.] Thereafter, Defendant shall file any motion to sever or drop a party[.] ***Then***, this action may proceed to Phase Two ***following*** the Court's determination regarding the proper parties and claims. The Court will set Phase Two scheduling deadlines ***after*** addressing any motion to sever or drop a party.

1

(ECF No. 13 at 1-2 (emphases added).) CNS proceeded to request and receive four extensions of the deadline to file its motion to sever and filed the motion on February 9, 2026. (ECF No. 27.) Simultaneously—and without waiting for briefing to complete or an order on its motion to sever—CNS filed the instant motion for summary judgment. (ECF No. 29.)

4. As set forth in Plaintiffs' response to the motion, even at this stage of the case, with no depositions yet taking place and significant written discovery remaining, the available evidence demonstrates that genuine issues of material fact preclude summary judgment.

5. But if the Court disagrees, and is inclined to grant summary judgment in Defendant's favor, the Court should not do so without giving Plaintiffs an adequate opportunity to obtain discovery and develop a complete factual record. This case is in the first phase of discovery, which is focused on whether Plaintiffs are properly joined in a single action and whether their allegations arise out of the same transaction or occurrence. Because this case is still in the first phase of discovery, Plaintiffs request that the Court allow the parties to move forward with the second phase of discovery relating to the merits.

6. Because of the limited scope of discovery to date, Plaintiffs do not have sufficient discovery relevant to the determination of whether Plaintiffs are similarly situated, as discussed in Plaintiffs' opposition to Defendant's Motion to Sever. *See* ECF No. 39, at PageID #1540-41. Discovery regarding the 19 groups proposed by CNS is necessary to determine whether they should be maintained, modified, consolidated, or otherwise managed for trial. The question of whether representative proof can aid this Court or a jury in resolution of this action, including any determination of the merits at the summary judgment stage, relies on additional discovery.

7. During this first phase of discovery, neither party has taken a deposition. Plaintiffs have not yet had the opportunity to take the deposition of Chad Mee, Defendant's employee who

2

submitted a declaration in support of Defendant's motion for summary judgment, Plaintiffs' supervisors or managers, or a deposition of Defendant pursuant to Fed. R. Civ. P. 30(b)(6). These individuals have direct knowledge concerning Defendant's business practices as they relate to the question of whether donning and doffing certain clothing is integral and indispensable to the jobs they perform, and whether Defendant has any custom or practice pertaining compensation for donning and doffing. The depositions of these individuals are necessary to obtain additional evidence to support Plaintiffs' claims and to gather other facts relevant to Plaintiffs' opposition of Defendant's motion.

8. While CNS has produced some documents in this case, it only just responded to Plaintiffs' second set of written discovery on July 9, 2026, with its counsel stating they would be in touch to "arrange for delivery of the documents" that are "ready to produce with these requests." Approximately seven documents were produced just six days before Plaintiffs' response was due, and Plaintiffs' counsel is unaware of the number of documents remaining for production. Some of those documents were only produced six days before this response to summary judgment was due. Critically, CNS also stated that the JHAs, among other documents, are still being reviewed for production.

9. Plaintiffs do not have sufficient discovery regarding the job duties and responsibilities applicable to Plaintiffs, beyond the general summary of these duties in CNS' job descriptions. Information pertaining to the specifics of Plaintiffs' job duties is necessary to determine whether donning certain clothing before the beginning on Plaintiffs' shift was integral and indispensable to their work.

10. Plaintiffs do not have sufficient discovery regarding whether there exists a custom or practice relating to whether CNS' failure to compensate Plaintiffs for donning clothing pre-shift

3

was a custom or practice, given the absence of specific direction in the CBA regarding whether pre-shift time to don has ever been compensated.

11. A true and correct copy of the following exhibits are attached hereto in opposition to Defendant's Motion for Summary Judgment:

| EXHIBIT NO. | DESCRIPTION | BATES RANGE |
|---|---|---|
| Ex. 1 | Excerpts of the Deposition of Travis Choate | N/A |
| Ex. 2 | Excerpts of the Deposition of Matthew Ashburn | N/A |
| Ex. 3 | Excerpts of the Deposition of Nathan Poe | N/A |
| Ex. 4 | Excerpts of the Deposition of Josh Hamby | N/A |
| Ex. 5 | Excerpts of the Deposition of David J. Wright | N/A |
| Ex. 6 | Excerpts of the Deposition of Nathan Pippin | N/A |
| Ex. 7 | Excerpts of the Deposition of Travis Thompson | N/A |
| Ex. 8 | Excerpts of the Deposition of Wiley King | N/A |
| Ex. 9 | Excerpts of the Deposition of Jeremy Griffith | N/A |
| Ex. 10 | Excerpts of the Deposition of Clarence Green | N/A |
| Ex. 11 | Excerpts of the Deposition of Robert Brice Graham | N/A |
| Ex. 12 | Excerpts of the Deposition of Randall Ruth | N/A |

| Ex. 13 | Excerpts of the Deposition of James Walters | N/A |
|---|---|---|
| Ex. 14 | Excerpts of the Deposition of John Freshour | N/A |
| Ex. 15 | Excerpts of the Deposition of Matthew Whitus | N/A |
| Ex. 16 | Excerpts of the Deposition of Raymond Hutzler | N/A |
| Ex. 17 | Excerpts of the Deposition of Levi McDaniel | N/A |
| Ex. 18 | Excerpts of the Deposition of Andrew Oody | N/A |
| Ex. 19 | Excerpts of the Deposition of Matthew Colt Johnson | N/A |
| Ex. 20 | Excerpts of the Deposition of Daniel Shelton | N/A |
| Ex. 21 | Excerpts of the Deposition of Charles Cruze | N/A |
| Ex. 22 | Beryllium Safety Data Sheet | CNS re Gardner PRO 0019190–0019199 |
| Ex. 23 | Enriched Uranium Operations Building Exposure Matrix | CNS re Gardner PRO 02677-02693 |
| Ex. 24 | Highly Enriched Uranium Material Storage Building Exposure Matrix | CNS re Gardner PRO 03175-03185 |
| Ex. 25 | Hazard Identification Worksheet | CNS re Gardner PRO 04351-04354 |
| Ex. 26 | Compilation of Job Descriptions[1] | |
| | AC/R Mechanic | CNS re Gardner PRO 01722 |
| | Assemblyperson | CNS re Gardner PRO 01724 |

---

[1] Exhibit 26 is comprised of the job descriptions of each position identified immediately below.

5

| | | |
|---|---|---|
| | Building Services Employee | CNS re Gardner PRO 01726 |
| | Carpenter | CNS re Gardner PRO 01728 |
| | Chemical Operator | CNS re Gardner PRO 01730 |
| | Electrician | CNS re Gardner PRO 01733 |
| | ESH-Y Industrial Hygiene Technician | CNS re Gardner PRO 01735 |
| | Garage Mechanic | CNS re Gardner PRO 01737 |
| | INF-Y Painter | CNS re Gardner PRO 01739 |
| | INF-Y Boilermaker | CNS re Gardner PRO 01741 |
| | INF-Y Iron Worker Rigger | CNS re Gardner PRO 01743 |
| | INF-Y Laborer | CNS re Gardner PRO 01745 |
| | INF-Y Mobile Equipment Serviceperson | CNS re Gardner PRO 01747 |
| | INF-Y Steam Plant Operator | CNS re Gardner PRO 01749 |
| | Inspector Welder | CNS re Gardner PRO 01751 |
| | Insulator | CNS re Gardner PRO 01753 |
| | Ironworker Rigger | CNS re Gardner PRO 01755 |
| | Laborer | CNS re Gardner PRO 01757 |
| | Lineman/Linewoman | CNS re Gardner PRO 01759 |
| | Machine Cleaner | CNS re Gardner PRO 01761 |
| | Machinist | CNS re Gardner PRO 01763 |

6

|  | Mason | CNS re Gardner PRO 01764 |
|---|---|---|
|  | Material Controller | CNS re Gardner PRO 01766 |
|  | Materials Clerk | CNS re Gardner PRO 01768 |
|  | MFG-Y Assistant Prod Operator | CNS re Gardner PRO 01770 |
|  | MFG-Y Machine Cleaner | CNS re Gardner PRO 01772 |
|  | NF-Y Mobile Crane Operator | CNS re Gardner PRO 01774 |
|  | Outside Machinist | CNS re Gardner PRO 01775 |
|  | Pipefitter | CNS re Gardner PRO 01777 |
|  | QAO-Y Radiographer | CNS re Gardner PRO 01778 |
|  | QAO-Y Welding Inspector | CNS re Gardner PRO 01780 |
|  | Radiological Control Technician | CNS re Gardner PRO 01782 |
|  | Sheet Metal Worker | CNS re Gardner PRO 01784 |
|  | Shop Maintenance Person | CNS re Gardner PRO 01785 |
|  | Stationary Engineer | CNS re Gardner PRO 01786 |
|  | Truck Driver | CNS re Gardner PRO 01788 |
|  | Tube Assembler | CNS re Gardner PRO 0104110-0104111 |
|  | Welder | CNS re Gardner PRO 01790 |
|  | Production Operator | CNS re Gardner PRO 01790.1 |
|  | Industrial Hygiene Technician | CNS re Gardner PRO 01790.2 |

7

| Ex. 27 | DOE Physical Protection Program | CNS re Gardner PRO 04355– 04493 |
|---|---|---|
| Ex. 28 | Compilation of Safety Data Sheets[2] | |
| | Aluminum Nitrate | CNS re Gardner PRO 0013311-0013320 |
| | Ardex CD | CNS re Gardner PRO 0015390-0015397 |
| | Zirconium and Zirconium Alloys | CNS re Gardner PRO 0016820-0016828 |
| | Arsenal Herbicide | CNS re Gardner PRO 0017987-0017999 |
| | Acetylene | CNS re Gardner PRO 0010612-0010622 |
| | Deuterium | CNS re Gardner PRO 0011756-0011763 |
| | Chromium (VI) oxide | CNS re Hutzler PRO 00335980-00335989 |
| | Hydrogen Peroxide 35% | CNS re Hutzler PRO 00345552-00345557 |
| | "Group B" Shielded Metal Arc Welding (SMAW) Low Hydrogen Carbon Steel | CNS re Hutzler PRO 00364279-00364281 |
| | Sodium perchlorate | CNS re Hutzler PRO 00398883-00398890 |
| | Titanium Subhydride (1.65)/Potassium Perchlorate | CNS re Hutzler PRO 00403056-00403073 |
| Ex. 29 | Grievance PMG-48-Q | CNS re Gardner PRO 01629-01630 |
| Ex. 30 | 2015 Collective Bargaining Agreement | CNS re Gardner PRO 01049-01166 |
| Ex. 31 | 2020 Collective Bargaining Agreement | CNS re Gardner PRO 01169-01399 |

[2] Exhibit 28 is comprised of the safety data sheet of each chemical identified immediately below.

8

| Ex. 32 | 1970 Collective Bargaining Agreement | CNS re Gardner PRO 00181-00221 |
|---|---|---|
| Ex. 33 | 1972 Union Carbide Negotiating Team Subcommittee Report ("1972 Subcommittee Rep.") | CNS re Gardner PRO 01429-01432 |
| Ex. 34 | 1975 Union Carbide Negotiating Team Subcommittee Report ("1975 Subcommittee Rep.") | CNS re Gardner PRO 01433-01439 |
| Ex. 35 | 1990 Contract Negotiations Meeting Summary ("1990 Negotiations Summary") | CNS re Gardner PRO 01486-01507 |
| Ex. 36 | Grievance PMU-733-O | CNS re Gardner PRO 01718-01721 |
| Ex. 37 | Grievance PMU-185-P | CNS re Gardner PRO 01697-01707 |
| Ex. 38 | Grievance PMU-30-Q | CNS re Gardner PRO 01619-01620 |
| Ex. 39 | Grievance PMU-62-Q | CNS re Hutzler PRO 00311018–00311025 |
| Ex. 40 | 2024 Memorandum of Understanding ("2024 MOU") | CNS re Gardner PRO 0104109 |
| Ex. 41 | Settlement Agreement | CNS re Gardner PRO 0098832–0098883 |
| Ex. 42 | Job Hazard Analysis | CNS re Gardner PRO 1865–1874 |

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the

United States of America that the foregoing is true and correct

Dated: July 28, 2026          */s/ Rachhana T. Srey*
                                                    Rachhana T. Srey

9