IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| Jacob Gardner, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No: 3:24-cv-00436-KAC-JEM |
| | ) |
| Consolidated Nuclear Security, LLC, | ) |
| | ) |
| Defendant. | ) |

---

**DEPOSITION PAGES CITED IN**

**CONSOLIDATED NUCLEAR SECURITY, LLC'S
REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

---

John C. Burgin Jr. (BPR #13731)
John E. Winters (BPR #16345)
Kramer Rayson LLP
P.O. Box 629
Knoxville, TN 37901-0629
(865) 525-5134
jcburgin@kramer-rayson.com
jwinters@kramer-rayson.com

and

Leah Walker McClanahan (BPR #027603)
Consolidated Nuclear Security, LLC
P.O. Box 2009
Oak Ridge, TN 37831-2009
(865) 574.3036
Leah.McClanahan@y12nsc.doe.gov

**ATTORNEYS FOR DEFENDANTS**

***DEPOSITIONS***

Ashburn Dep. 32, 34, 64-68

Choate Dep. 24, 35, 48-50

Cruze Dep. 27, 49

Freshour Dep. 36

Graham Dep. 21, 59-60

Green Dep. 27, 51-52

Griffith Dep. 56, 64-66

Hamby Dep. 30, 47-48

Hutzler Dep. 44, 74-75

Johnson Dep. 29, 56-58

King Dep. 19, 31-32

McDaniel Dep. 17, 18-19

Oody Dep. 29, 42-43

Pippin Dep. 84-86

Poe Dep. 20, 22, 63-67

Ruth Dep. 28, 44-45

Shelton Dep. 50, 75-77

Thompson Dep. 25, 39-41

Walter Dep. 38

Whitus Dep. 24-25, 38-39

Wright Dep. 39, 51-53

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

RAYMOND HUTZLER, ET AL,

Plaintiffs,

v. No. 3:21-CV-304-TAV-DCP

CONSOLIDATED NUCLEAR
SECURITY, LLC,

Defendants.

DEPOSITION OF MATTHEW ASHBURN

August 9, 2023

Reporter: Todd Humble, LCR

APPEARANCES OF COUNSEL:

For the Plaintiffs:

Garry Ferraris
Law Office of Garry Ferraris
800 S. Gay Street, Suite 650
Knoxville, Tennessee 37929

For the Defendant:

Edward G. Phillips
Kramer Rayson LLP
P.O. Box 629
Knoxville, Tennessee 37901-0629

Kristi McKinney Stogsdill
Consolidated Nuclear Security, LLC
P.O. Box 2009
Oak Ridge, Tennessee 37831

# I N D E X

THE WITNESS: MATTHEW ASHBURN


| Page: | |
|---|---|
| 5 | Examination by Mr. Phillips |
| 88 | Examination by Mr. Ferraris |

| Exhibits: | Page: | Description: |
|---|---|---|
| 82 (filed) | 7 | Job Posting - INF-Y Carpenter 4923 |
| 83 (filed) | 11 | Wage Statements 2018-2022 |
| 84 (filed) | 17 | Asset Management and Reliability Org Chart |
| 85 (filed) | 47 | Lenel Badge Reader Records 2018 through 2022 |
| 86 (filed) | 47 | Argus Badge Reader Records 2018 through 2022 |
| 87 (filed) | 47 | PTBAL Report 2018 through 2021 |
| 88 (filed) | 49 | ATT Report 2018 through 2022 |
| 89 (filed) | 50 | Wage Type Report 2018 through 2022 |
| 90 (filed) | 51 | Kronos Attendance Verification Records 2022 through 2022 |
| 91 (filed) | 54 | Map of Y-12 |

The deposition of MATTHEW ASHBURN, called as a witness at the instance of the Defendant, for purposes of discovery, pursuant to the applicable sections of Federal Rules of Civil Procedure, taken by agreement on August 9, 2023, before Todd Humble, Licensed Court Reporter and Notary Public, at the law office of Kramer Rayson LLP, 800 South Gay Street, Suite 2500, Knoxville, Tennessee, pursuant to the stipulation of counsel.

STIPULATIONS

It being agreed that Todd Humble, Licensed Court Reporter and Notary Public, may swear the witness, report the deposition in machine shorthand, afterwards reducing the same to typewriting.

All objections except as to the form of the question are reserved to on or before the hearing.

It being further agreed that all formalities as to notice, caption, certificate, transmission, et cetera, including the reading of the completed deposition by the witness and the signature of the witness, are expressly waived.

MATTHEW ASHBURN,

called as a witness at the instance of the Defendant, having first been duly sworn, was examined and deposed as follows:

EXAMINATION

BY MR. PHILLIPS:

Q Would you state your name for the record?

A Matthew Edward Lee Ashburn.

Q And do you go by Matthew or Matt?

A Either or, it does not matter.

Q Okay. Well, it's okay if I call you Matthew then?

A Yes, that's fine.

Q You've heard twice already, but I'll just skim over the ground rules. You're sworn to tell the truth. Only one of us can speak at a time, so I'll let you finish and you'll let me finish, and sometimes I don't because there's a pause, but we'll work it out.

If you don't understand a question, ask me to repeat it. You cannot just nod or shake your head. You've got to say something verbally because he can't take down a nod.

And then classified information, if you think I ask you a question that calls for classified

I had in my locker in my pockets, put my gloves in my pockets, put my glasses on, put my earplugs around my neck, and that's all company issued things.

Q Did you put on boots? Maybe you said that.

A Yes, I put on boots, used to wear socks.

Q I can't remember all of those things that you put on other than a belt. What, in addition to the shirt, pants, socks, and shoes, did you put on before the shift?

A Pens, pencils, notepad.

Q You mean you --

A I was prepared to go to work as if I was there.

Q So you picked up a pad and a pencil?

A A pad, pencil, maybe a pair of pliers, if I had it, scaffold wrenches that somehow ended up in my locker, just different types of tools.

Q How often did you pick up tools in your locker room --

A Because you would leave something in your pocket by accident when you went down to the change house.

Q You didn't do that every day, did you?

A Yes.
Q Okay. And your first work activity then was getting to the change house and changing clothes?
A Yes.
Q And that would be the same for any of these supervisors because they were all over the same section?
A Yes.
Q Now, are you making a claim that you were required to engage in work after the designated quitting time, changing clothes and performing various work activities?
A No.
Q I don’t think I asked you, how many minutes on average would it take you to change clothes?
A About ten minutes.
Q Ten minutes, okay. And once you changed clothes -- we’re in EUO, okay?
A Uh-huh.
Q Once you changed clothes what did you do next?
A After I changed clothes?
Q Yes.
A I would head to 9723-25.

Q Yes.
A I do not within the past few weeks, but it's always opted to change.
Q All right. But if you periodically have to go do work in an MAA, it's sporadic enough to where you do not get regular MAA pay; is that fair?
A No, I do not get MAA pay.
Q I think you mentioned this. Do you work around hazardous chemicals or substances?
A Yes.
Q All right. And do you work around hazardous chemicals or substances in both EUO and in your current assignment?
A Yes.
Q And do you put on personal protective equipment prior to going into an area with hazardous chemicals or substances? PPE, do you put PPE on before you go into an area with hazardous chemicals or substances?
A If it was a specific area, if it was a RAD area, asbestos area, beryllium area, and there's also multiple other ones too.
Q So certain areas --
A Certain areas.
Q -- there's a requirement that you put

on PPE before you go in it?

A Yes.

Q And one of those would be a RAD area?

A Yes.

Q But there are others?

A Yes.

Q What PPE would you put on when your assignment takes you into those areas?

A It all depended on the specific job.

Q Well, tell me the various kinds of PPE you would don?

A Your typical RAD clothing as I had explained, an abundance of it.

Q Tell me what typical RAD clothing is.

A Your shoe scuffs, the plastic things that go over your shoes, your rubber booties, your coveralls, the cloth coveralls, the yellow ones, or maybe Tyvek, or maybe Saranex, or maybe a Saranex and a Tyvek, or a Saranex and the yellow coveralls. Then you would get to your gloves and that really depends on the job too. It could be -- some people put cloth gloves on, I don't. I don't like them but I put Lexan, nitrile, I think that's the right word, nitrile gloves, and then they have another one on -- I don't know what to state that, and again, it really depends on what we're going

into.

You tape yourself up with whatever clothing you're wearing and sometimes you would have to wear a respirator or maybe a PPR, PPAR.

Q Excuse me, what's a PPR?

A I don't know how to explain it because that's the only thing I know. It's not --

Q Is it a piece of protective gear, protective equipment?

A It's a hood that goes over you, drapes down, but it has an air filter and it pumps air into you. It's just the factor of that versus a regular respirator. It's just a whole lot hotter.

Q Okay. And all of those examples of PPE you've given me, you would be putting on after you're on the clock, correct?

A Yes. But if you also wanted to include, the company work clothing is also being some sort of PPE as well.

Q I'm not asking you about company clothing. I'm asking you about --

A Well, you had asked --

Q My question was about the PPE you would put on after the shift.

A After the shift?

Q Yes.
A See, sometimes we would work getting sweaty or muddy or even just get a lot of dust on you from changing out ceiling tiles, and then we had to change, go shower, come back, change your clothes out. So I mean that would be the same example where your clothing is PPE.
Q I understand it's your claim clothing is PPE, right?
A Yes. Hence, fire resistant stuff.
Q It's your claim fire resistant clothing is PPE?
A Yes.
Q Even your cotton clothing Carhartts are PPE?
A Yes.
Q Your shoes are PPE?
A Yes.
Q But the type of PPE I'm trying to get clear, the PPE you have to put on in addition to whatever you're wearing --
A I can't go in there in my street clothes and work an asbestos job.
Q I understand.
A So I have to put the company clothing

on. So that would be included in the factor of an asbestos job, you have to have company clothing on under your Tyvek suit.

Q Okay. But that wasn't my question.

A Okay.

Q My question was, aside from the company clothing that you put on in the change house, is the other PPE that you put on, regardless of the assignment, done on the clock, that's what I want to know?

A To go in specific areas, we'll just say yes.

Q And conversely, is it fair to say you take off the PPE after you leave the specific area that required you to put it on?

A Yes.

Q And that's also on the clock, correct?

A Yes.

Q Do you know what One Time is?

A Yes.

Q And how would you characterize that, what is it?

A All I can just say is, again, it would just be a thought, so I really can't say anything at all.

Q Do you know what One Time is or not?

A Yes, but I can't specifically say what

C E R T I F I C A T E

STATE OF TENNESSEE:

COUNTY OF SEVIER:

I, Todd Humble, Licensed Court Reporter and Notary Public, do hereby certify that I reported in machine shorthand the above testimony, and that the foregoing 89 pages were typed under my personal supervision and constitute a true and accurate record of the proceedings.

I further certify that I am not an attorney or counsel for any of the parties; nor a relative or employee of any attorney or counsel connected with the action; nor financially interested in the action.

This        day of                        , 2023.

Todd Humble, Licensed Court
Reporter and Notary Public
My commission expires:  7-2-2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

RAYMOND HUTZLER, ET AL,

Plaintiffs,

v. No. 3:21-CV-304-TAV-DCP

CONSOLIDATED NUCLEAR SECURITY, LLC,

Defendants.

DEPOSITION OF TRAVIS LAMAR TOM CHOATE

August 17, 2023

Reporter: Todd Humble, LCR

APPEARANCES OF COUNSEL:

For the Plaintiffs:

Garry Ferraris
Law Office of Garry Ferraris
800 S. Gay Street, Suite 650
Knoxville, Tennessee 37929

For the Defendant:

Edward G. Phillips
Kramer Rayson LLP
P.O. Box 629
Knoxville, Tennessee 37901-0629

Kristi McKinney Stogsdill
Consolidated Nuclear Security, LLC
P.O. Box 2009
Oak Ridge, Tennessee 37831

I N D E X

THE WITNESS: TRAVIS LAMAR TOM CHOATE


| Page: | |
|---|---|
| 5 | Examination by Mr. Phillips |
| 56 | Examination by Mr. Ferraris |
| 63 | Examination by Mr. Phillips |
| 66 | Examination by Mr. Ferraris |

| Exhibits: | Page: | Description: |
|---|---|---|
| 165 (filed) | 9 | INF-Y Outside Machinist 7341 Job Posting |
| 166 (filed) | 11 | Wage Statement 2018-2021 |
| 167 (filed) | 17 | Maintenance Execution Organization Chart |
| 168 (filed) | 28 | Lenel Badge Reader records 2018-2022 |
| 169 (filed) | 29 | Argus Badge Reader records 2018-2022 |
| 170 (filed) | 30 | PTBAL Report 2018-2021 |
| 171(filed) | 31 | ATT Report 2018-2021 |
| 172 (filed) | 32 | Wage Type Report 2018-2021 |
| 173 (filed) | 32 | Kronos Attendance Verification records 2020 -2021 |
| 174 (filed) | 46 | Map of Y-12 |

The deposition of TRAVIS LAMAR TOM CHOATE, called as a witness at the instance of the Defendant, for purposes of discovery, pursuant to the applicable sections of Federal Rules of Civil Procedure, taken by agreement on August 17, 2023, before Todd Humble, Licensed Court Reporter and Notary Public, at the law office of Kramer Rayson LLP, 800 South Gay Street, Suite 2500, Knoxville, Tennessee, pursuant to the stipulation of counsel.

STIPULATIONS

It being agreed that Todd Humble, Licensed Court Reporter and Notary Public, may swear the witness, report the deposition in machine shorthand, afterwards reducing the same to typewriting.

All objections except as to the form of the question are reserved to on or before the hearing.

It being further agreed that all formalities as to notice, caption, certificate, transmission, et cetera, including the reading of the completed deposition by the witness and the signature of the witness, are expressly waived.

TRAVIS LAMAR TOM CHOATE,

called as a witness at the instance of the Defendant, having first been duly sworn, was examined and deposed as follows:

EXAMINATION

BY MR. PHILLIPS:

Q State your name, please.
A Travis Lamar Tom Choate.
Q Choate?
A Yes, sir.
Q Do you go by Travis?
A I do.
Q All right. Is it okay if I call you Travis?
A Yes, sir.
Q I'm going to go over quickly a few rules so that we're on the same page. You understand you're under oath, right?
A Yes, sir.
Q And you're sworn to tell the truth just like you're in court, right?
A Yes, sir.
Q And only one of us can speak at a time. I don't think we're going to have that problem, but I'll try to let you finish your answer and you try to let me

want to break it down a little bit. You’ve now changed clothes. What’s the balance of your claim of unpaid work before the shift begins?

A The amount of time that it would take between getting to my change house, through the post, and getting to my work area.

Q Okay. How long approximately does it take you or did it take you to change clothes?

A About five minutes.

Q And how long approximately did it take you to walk from your change house to your work area?

A To the work area, depending on post. Would you like me to give you from the change house to the post?

Q Are you talking about to Post 8?

A Uh-huh.

Q Yeah, let’s start with that.

A It would take –- I’m going to say between three and five minutes to get to Post 8.

Q And does that include badging through Post 8 or –-

A That is just to get to Post 8.

Q How many minutes, and we know you have to badge through twice, how many minutes roughly would it take you to badge through the dog house and Post 8?

A No.

Q You don't know?

A I don't -- yes, they do sell it without the markings on their website.

Q Thanks. So tell me everything you put on in the change house.

A I put on pants, shirts, safety toed shoes, safety glasses, and a belt.

Q Is that a company issued belt or is that your belt?

A It was a company issued belt that would pass through a metal detector.

Q Okay. Anything else?

A Company socks.

Q So I've got shirt, pants, socks, sunglasses, and a belt?

A Safety glasses.

Q Safety glasses?

A Yes.

Q And is there anything else?

A No, sir.

Q Would it be fair to say it would take you, I don't know, ten seconds to put on safety glasses?

A Yes, sir.

Q I just want to be sure there's nothing

of shift meeting?

A That was the beginning of shift meeting.

Q Let’s draw a line down and just put BOS.

A (Witness complies with request.)

Q And then what was your work location?

A 9212.

Q Circle that, please. And let’s draw another line down and label that WL.

A (Witness complies with request.)

Q Okay, thank you.

A You’re welcome.

Q While you were an outside machinist, did you work around hazardous chemicals or substances?

A Yes, sir.

Q And you put on personal protective equipment, did you not, depending upon the assignments that you have?

A Yes, sir.

Q And when you put on personal protective equipment, it would be prior to going into whatever work area that you needed it to work in?

A Yes, sir.

Q And just in general terms, can you tell

me the PPE that you have put on while you were working as an outside machinist for August 25, 2018 until August 22, 2021?

A I would wear anti-C clothing or Tyvek, booties, inner shoes, respirators of varying types.

Q Just for the record, what is anti-C clothing?

A Anti-C clothing is the outer RAD clothing that you wear, it's anti-C.

Q And Tyvek is, what is that?

A Tyvek is a non-permeable suit that they will have us wear instead of anti-C, depending on how contaminated an area was.

Q Okay. And I can't even read my writing. I know you said that you might put on a respirator, correct?

A Yes, sir.

Q And what was the other one?

A I said respirator with different varying types, self-respirator.

Q Would PPE also include, for example, gloves and other smaller things that you would need to put on depending on the area?

A Yes, sir.

Q Whatever all that PPE was in total,

it’s fair to say you would put that on while you were on the clock, correct?
A Yes, sir.
Q And as I understand it, you work routinely inside the MAA in building 9212?
A Yes, sir.
Q And was there any extra PPE you had to put on to enter the MAA or did you already include it?
A I’ve already included it.
Q Okay. Again, if you put on -- well, you’ve answered that. Would it be fair to say that you always put on PPE after the morning meetings?
A Yes.
Q And it’s fair to say you take off the PPE when you leave the area for which it is required?
A Yes, sir.
Q And that would also be on the clock, correct?
A Correct.
Q Did your supervisor track your time in the One Time program?
A Yes.
Q And for the record, what is One Time?
A One Time is an attendance -- not attendance, a timekeeping for payroll.

C E R T I F I C A T E

STATE OF TENNESSEE:

COUNTY OF SEVIER:

I, Todd Humble, Licensed Court Reporter and Notary Public, do hereby certify that I reported in machine shorthand the above testimony, and that the foregoing 67 pages were typed under my personal supervision and constitute a true and accurate record of the proceedings.

I further certify that I am not an attorney or counsel for any of the parties; nor a relative or employee of any attorney or counsel connected with the action; nor financially interested in the action.

This day of ,
2023.

Todd Humble, Licensed Court
Reporter and Notary Public
My commission expires: 7-2-2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

RAYMOND HUTZLER, ET AL,

Plaintiffs,

v. No. 3:21-CV-304-TAV-DCP

CONSOLIDATED NUCLEAR SECURITY, LLC,

Defendants.

DEPOSITION OF CHARLES CRUZE

August 18, 2023

Reporter: Todd Humble, LCR

APPEARANCES OF COUNSEL:

For the Plaintiffs:

William B. Ryan
Donati Law, PLLC
1545 Union Avenue
Memphis, Tennessee 38104

For the Defendant:

John E. Winters
Kramer Rayson LLP
P.O. Box 629
Knoxville, Tennessee 37901-0629

Kristi McKinney Stogsdill
Consolidated Nuclear Security, LLC
P.O. Box 2009
Oak Ridge, Tennessee 37831

Also Present:

Wiley C. King, Jr.

# I N D E X

THE WITNESS: CHARLES CRUZE


Page:

5 Examination by Mr. Winters

| Exhibits: | Page: | Description: |
|---|---|---|
| 175 (filed) | 12 | Wage Statement 2018-2022 |
| 176 (filed) | 43 | PTBAL Report 2018-2022 |
| 177 (filed) | 43 | ATT Report 2018-2022 |
| 178 (filed) | 43 | Kronos Attendance Verification Records 2021-2022 |
| 179 (filed) | 46 | Wage Type Report 2018-2022 |
| 180 (filed) | 47 | Lenel Badge Reader records 2018-2022 |
| 181 (filed) | 48 | Argus Badge Reader records 2018-2022 |

The deposition of CHARLES CRUZE, called as a witness at the instance of the Defendant, for purposes of discovery, pursuant to the applicable sections of Federal Rules of Civil Procedure, taken by agreement on August 18, 2023, before Todd Humble, Licensed Court Reporter and Notary Public, at the law office of Kramer Rayson LLP, 800 South Gay Street, Suite 2500, Knoxville, Tennessee, pursuant to the stipulation of counsel.

STIPULATIONS

It being agreed that Todd Humble, Licensed Court Reporter and Notary Public, may swear the witness, report the deposition in machine shorthand, afterwards reducing the same to typewriting.

All objections except as to the form of the question are reserved to on or before the hearing.

It being further agreed that all formalities as to notice, caption, certificate, transmission, et cetera, including the reading of the completed deposition by the witness and the signature of the witness, are expressly waived.

CHARLES CRUZE,

called as a witness at the instance of the Defendant, having first been duly sworn, was examined and deposed as follows:

EXAMINATION

BY MR. WINTERS:

Q Mr. Cruze, would you please state your name?

A Charles Cruze.

Q Have you ever given a deposition before?

A No.

Q I'll ask you some questions today and if at any time I ask you a question you don't understand, if you'll ask me to repeat or rephrase it, I'll be happy to, okay?

A Yes.

Q And if you give an answer to a question, will it be fair for me to assume that you understood the question?

A Yes.

Q And you will have to speak up just a little bit.

A Okay.

Q He can't pick up nods of the head. It

Q I guess on those occasions -- you wouldn't enter into the MAA until after your pre-shift meeting; is that right?

A Yes.

Q So when you were changing into PPE to enter into an MAA area, you would have already had your pre-shift meeting and you would be on the clock at that point?

A Yes.

Q What type of clothes would you wear as a material controller ordinarily?

A For the building I was in I would wear jeans, tennis shoes, a T-shirt, cotton T-shirt.

Q Would you wear a jacket?

A To the building, but not inside the work area.

Q Did you work in an assigned office when you were a material controller?

A We had an office, but we were mostly on the floor where the work was.

Q Then the second part of that paragraph 15 indicates that you were required to engage in work after the end of the designated quitting time. What are you claiming in that regard?

A The change time, same thing we would be

around hazardous materials?

A Yes.

Q On the occasions where you've worked around hazardous materials do you change into PPE?

A As a material clerk that's why we changed into our work clothes that was provided. If there was -- a material controller, yes, you would dress out a little different, but you were on the clock for that.

Q What protection would the cotton T-shirt provide you when you worked as a material clerk?

A Probably not much.

Q What protection would the cotton Carhartt pants provide you when you worked as a material clerk?

A Probably not much.

Q What protection would the Carhartt jacket provide to you when you worked as a material clerk?

A Not much.

Q Have you seen other people work around hazardous materials who changed into Tyveks and coveralls?

A Yes.

Q Did you ever have to change into those

C E R T I F I C A T E

STATE OF TENNESSEE:

COUNTY OF SEVIER:

I, Todd Humble, Licensed Court Reporter and Notary Public, do hereby certify that I reported in machine shorthand the above testimony, and that the foregoing 54 pages were typed under my personal supervision and constitute a true and accurate record of the proceedings.

I further certify that I am not an attorney or counsel for any of the parties; nor a relative or employee of any attorney or counsel connected with the action; nor financially interested in the action.

This day of ,
2023.

Todd Humble, Licensed Court
Reporter and Notary Public
My commission expires: 7-2-2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

RAYMOND HUTZLER, ET AL,

Plaintiffs,

v. No. 3:21-CV-304-TAV-DCP

CONSOLIDATED NUCLEAR SECURITY, LLC,

Defendants.

DEPOSITION OF JOHN FRESHOUR

August 4, 2023

Reporter: Todd Humble, LCR

APPEARANCES OF COUNSEL:

For the Plaintiffs:

Garry Ferraris
Law Office of Garry Ferraris
800 S. Gay Street, Suite 650
Knoxville, Tennessee 37929

William B. Ryan
Donati Law, PLLC

1545 Union Avenue

Memphis, Tennessee 38104

For the Defendant:

John E. Winters

Kramer Rayson LLP

P.O. Box 629

Knoxville, Tennessee 37901-0629

Kristi McKinney Stogsdill

Consolidated Nuclear Security, LLC

P.O. Box 2009

Oak Ridge, Tennessee 37831

Also Present:

Matthew Whitus

Raymond Hutzler

# I N D E X

THE WITNESS: JOHN FRESHOUR


| Page: | |
|---|---|
| 5 | Examination by Mr. Winters |

| Exhibits: | Page: | Description: |
|---|---|---|
| 34 (filed) | 11 | Payroll Printout 2018-2022 |
| 35 (filed) | 53 | Map of Y-12 |
| 36 (filed) | 63 | Lenel Badge Reader Report 2018 through 2022 |
| 37 (filed) | 66 | Argus Badge Reader Report 2018 through 2022 |
| 38 (filed) | 66 | Kronos Report 2020 through 2022 |
| 39 (filed) | 69 | ATT Report 2018 through 2022 |
| 40 (filed) | 73 | Wage Type report 2018 through 2022 |
| 41 (filed) | 75 | PTBAL Report 2018 through 2022 |
| 42 (filed) | 86 | Grievance PMU-12-P |
| 43 (filed) | 89 | Grievance PMU-185P |
| 44 (filed) | 89 | Grievance PMU 1353-O |

The deposition of JOHN FRESHOUR, called as a witness at the instance of the Defendant, for purposes of discovery, pursuant to the applicable sections of Federal Rules of Civil Procedure, taken by agreement on August 4, 2023, before Todd Humble, Licensed Court Reporter and Notary Public, at the law office of Kramer Rayson LLP, 800 South Gay Street, Suite 2500, Knoxville, Tennessee, pursuant to the stipulation of counsel.

STIPULATIONS

It being agreed that Todd Humble, Licensed Court Reporter and Notary Public, may swear the witness, report the deposition in machine shorthand, afterwards reducing the same to typewriting.

All objections except as to the form of the question are reserved to on or before the hearing.

It being further agreed that all formalities as to notice, caption, certificate, transmission, et cetera, including the reading of the completed deposition by the witness and the signature of the witness, are expressly waived.

JOHN FRESHOUR,

called as a witness at the instance of the Defendant, having first been duly sworn, was examined and deposed as follows:

EXAMINATION

BY MR. WINTERS:

Q Mr. Freshour, would you please state your name?

A John Freshour.

Q Have you ever given a deposition before?

A No.

Q I assume you've met with your attorneys and they've given you some kind of guidance on what to expect today, but I'll be asking you some questions. If at any time I ask a question you don't understand, if you'll ask me to repeat it or rephrase it, I'll be happy to, okay?

A Very good.

Q And if you give an answer to a question it will be fair for me to assume that you understood the question?

A Correct.

Q Where do you live?

A Knoxville.

A The Kronos.

Q Specifically which ones are you referring to?

A Well, I don't remember the numbers. There might be a five to six minute -- five to six second delay according to my phone. They all should be the same, but they're not.

Q Have you ever reported that to anyone?

A No.

Q Have you ever told your supervisor that you believe that the Kronos machines were not synchronized appropriately?

A I do not believe I have.

Q Have you reported that to Labor Relations?

A No.

Q Have you reported that to ethics?

A No.

Q When you get to your change house, how long does it typically take you to change? Do you always change clothes?

A Yes.

Q How long does it take you to change clothes?

A At least ten minutes.

C E R T I F I C A T E

STATE OF TENNESSEE:

COUNTY OF SEVIER:

I, Todd Humble, Licensed Court Reporter and Notary Public, do hereby certify that I reported in machine shorthand the above testimony, and that the foregoing 91 pages were typed under my personal supervision and constitute a true and accurate record of the proceedings.

I further certify that I am not an attorney or counsel for any of the parties; nor a relative or employee of any attorney or counsel connected with the action; nor financially interested in the action.

This day of ,
2023.

Todd Humble, Licensed Court
Reporter and Notary Public
My commission expires: 7-2-2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

RAYMOND HUTZLER, ET AL,

Plaintiffs,

v. No. 3:21-CV-304-TAV-DCP

CONSOLIDATED NUCLEAR SECURITY, LLC,

Defendants.

DEPOSITION OF ROBERT BRICE GRAHAM

August 9, 2023

Reporter: Todd Humble, LCR

APPEARANCES OF COUNSEL:

For the Plaintiffs:

Garry Ferraris
Law Office of Garry Ferraris
800 S. Gay Street, Suite 650
Knoxville, Tennessee 37929

For the Defendant:

Edward G. Phillips
Kramer Rayson LLP
P.O. Box 629
Knoxville, Tennessee 37901-0629

Kristi McKinney Stogsdill
Consolidated Nuclear Security, LLC
P.O. Box 2009
Oak Ridge, Tennessee 37831

Also Present:

Matthew Ashburn

# I N D E X

THE WITNESS: ROBERT BRICE GRAHAM


| Page: | |
|---|---|
| 5 | Examination by Mr. Phillips |
| 69 | Examination by Mr. Ferraris |

| Exhibits: | Page: | Description: |
|---|---|---|
| 73 (filed) | 11 | Quality Operations Organization Chart |
| 74 (filed) | 43 | Wage Statements 2018-2022 |
| 75 (filed) | 48 | Lenel Badge Reader records 2018 through 2022 |
| 76 (filed) | 49 | Argus Badge Reader records 2018 through 2022 |
| 77 (filed) | 50 | PTBAL Report 2018 through 2022 |
| 78 (filed) | 51 | ATT Report 2018 through 2022 |
| 79 (filed) | 53 | Wage Type Report 2018 through 2022 |
| 80 (filed) | 54 | Kronos Attendance Verification records |
| 81 (filed) | 54 | Map of Y-12 |

The deposition of ROBERT BRICE GRAHAM, called as a witness at the instance of the Defendant, for purposes of discovery, pursuant to the applicable sections of Federal Rules of Civil Procedure, taken by agreement on August 9, 2023, before Todd Humble, Licensed Court Reporter and Notary Public, at the law office of Kramer Rayson LLP, 800 South Gay Street, Suite 2500, Knoxville, Tennessee, pursuant to the stipulation of counsel.

STIPULATIONS

It being agreed that Todd Humble, Licensed Court Reporter and Notary Public, may swear the witness, report the deposition in machine shorthand, afterwards reducing the same to typewriting.

All objections except as to the form of the question are reserved to on or before the hearing.

It being further agreed that all formalities as to notice, caption, certificate, transmission, et cetera, including the reading of the completed deposition by the witness and the signature of the witness, are expressly waived.

ROBERT BRICE GRAHAM,

called as a witness at the instance of the Defendant, having first been duly sworn, was examined and deposed as follows:

EXAMINATION

BY MR. PHILLIPS:

Q Could you state your name, please?
A Robert Brice Graham.
Q And as I understand it, you go by Brice?
A That’s correct.
Q Can I call you Brice?
A Yes, sir.
Q All right. You heard before the rundown on the rules and I will just hit the highlights. You are sworn to tell the truth. You’re only going to speak one person at a time, either me or you. If you don’t understand the question, repeat it. You can’t nod or shake your head. We had a little trouble with that. You’ve got to say something verbally.
A Yes, sir.
Q And then you heard the thing about classified information. If we have an issue, you tell me and we’ll call somebody if we have to straighten it out. I don’t think that’s going to happen. You live in

A Yes, sir. When I worked for depleted uranium, sir.
Q That's what we're talking about. Let's start with changing in 9723. You aren't making a claim for any activity before you started changing clothes; is that right?
A That's correct.
Q How long does it take you to change clothing or change clothes into the company clothing?
A Roughly five minutes.
Q And then you walked from the change house to Post 8?
A Yes, sir.
Q How long does that take?
A Probably eight to ten minutes.
Q And you broke out separately passing through Post 8, right?
A Yes, sir.
Q So how long does that normally take?
A Normally three to ten minutes.
Q And then, once you're inside the protected area, you walked at the time to 9725 or did I get that wrong?
A 9201-05.
Q 9201-05, and that's where the depleted

Q Now, let's talk a little bit about your personal protective equipment. Do you work around hazardous chemicals or substances from time to time?

A Not hands on, nearby.

Q When you were working in DUO, what type of PPE were you required to put on?

A A second pair of -- swap shoes, yellow coveralls, cotton gloves, two sets of surgical gloves.

Q That would be under the cotton gloves?

A Cotton gloves then two sets over the top of that, tape the seams. That would have been it.

Q And would you --

A And a hoodie, a skull cap.

Q Would you have donned that PPE after the beginning of the shift?

A Yes, sir.

Q So on the clock?

A On the clock.

Q And while you're working in the Oak Ridge Metrology Lab, as I understand it, on your field assignments you may have to put on PPE?

A Occasionally.

Q Okay. Can you just generally describe what that would be or is it different for different areas?

A The clothing?

Q No, the PPE.

A Oh, yeah, the clothing -- we wear lab coats, shoe scuffs, booties, cotton liners, two sets of surgical gloves.

Q Okay. And you put those on and take those off on the clock?

A On the clock.

Q And there's never been an occasion when you put on PPE before the morning meetings?

A No, sir.

Q And there's never been an occasion when you take it off after the end of the shift? No, excuse me, you take the PPE off towards the end of the shift on the clock, right?

A Yes, sir.

Q Do you know what One Time is?

A Yes, sir.

Q What is that?

A It's where our time, vacation, sick time is recorded.

Q I'm not sure of the answer to this. Do you know whether One time was put in after August 1, 2018 or not?

A I think it was put in prior, but that's

C E R T I F I C A T E

STATE OF TENNESSEE:

COUNTY OF SEVIER:

I, Todd Humble, Licensed Court Reporter and Notary Public, do hereby certify that I reported in machine shorthand the above testimony, and that the foregoing 71 pages were typed under my personal supervision and constitute a true and accurate record of the proceedings.

I further certify that I am not an attorney or counsel for any of the parties; nor a relative or employee of any attorney or counsel connected with the action; nor financially interested in the action.

This day of , 2023.

Todd Humble, Licensed Court
Reporter and Notary Public
My commission expires: 7-2-2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

RAYMOND HUTZLER, ET AL,

Plaintiffs,

v. No. 3:21-CV-304-TAV-DCP

CONSOLIDATED NUCLEAR SECURITY, LLC,

Defendants.

DEPOSITION OF CLARENCE NICHOLAS GREEN

August 17, 2023

Reporter: Todd Humble, LCR

APPEARANCES OF COUNSEL:

For the Plaintiffs:

Garry Ferraris
Law Office of Garry Ferraris
800 S. Gay Street, Suite 650
Knoxville, Tennessee 37929

For the Defendant:

Edward G. Phillips
Kramer Rayson LLP
P.O. Box 629
Knoxville, Tennessee 37901-0629

Kristi McKinney Stogsdill
Consolidated Nuclear Security, LLC
P.O. Box 2009
Oak Ridge, Tennessee 37831

Also Present:

Travis Choate

# I N D E X

THE WITNESS: CLARENCE NICHOLAS GREEN


| Page: | |
|---|---|
| 5 | Examination by Mr. Phillips |
| 57 | Examination by Mr. Ferraris |
| 60 | Examination by Mr. Phillips |

| Exhibits: | Page: | Description: |
|---|---|---|
| 155 (filed) | 8 | INF-Y Iron worker/Rigger 7093 Job Posting |
| 156 (filed) | 12 | Wage Statement 2018-2022 |
| 157 (filed) | 18 | Asset Inspections and Services Organization Chart |
| 158 (filed) | 29 | Lenel Badge Reader records 2018-2022 |
| 159 (filed) | 30 | Argus Badge Reader records 2018-2022 |
| 160 (filed) | 31 | PTBAL Report 2018-2022 |
| 161(filed) | 32 | ATT Report 2018-2022 |
| 162 (filed) | 33 | Wage Type Report 2018-2022 |
| 163 (filed) | 34 | Kronos Attendance Verification records 2020-2022 |
| 164 (filed) | 46 | Map of Y-12 |

The deposition of CLARENCE NICHOLAS GREEN, called as a witness at the instance of the Defendant, for purposes of discovery, pursuant to the applicable sections of Federal Rules of Civil Procedure, taken by agreement on August 17, 2023, before Todd Humble, Licensed Court Reporter and Notary Public, at the law office of Kramer Rayson LLP, 800 South Gay Street, Suite 2500, Knoxville, Tennessee, pursuant to the stipulation of counsel.

STIPULATIONS

It being agreed that Todd Humble, Licensed Court Reporter and Notary Public, may swear the witness, report the deposition in machine shorthand, afterwards reducing the same to typewriting.

All objections except as to the form of the question are reserved to on or before the hearing.

It being further agreed that all formalities as to notice, caption, certificate, transmission, et cetera, including the reading of the completed deposition by the witness and the signature of the witness, are expressly waived.

CLARENCE NICHOLAS GREEN,

called as a witness at the instance of the Defendant, having first been duly sworn, was examined and deposed as follows:

EXAMINATION

BY MR. PHILLIPS:

Q Would you state your name for the record, please?

A Clarence Nicholas Green.

Q Do you go by Clarence or Nick?

A At work?

Q Yes.

A Green.

Q Okay. Well, I'll call you Green then. Is it okay if I call you Green?

A Yes.

Q There's a few rules, you've probably heard them once, but I'll go over them again briefly. You're under oath, of course, you understand, and you're sworn to tell the truth just like you were in court; do you understand that?

A Yes.

Q And only one of us can speak at a time. We did pretty good on the last one, but I'll try to let you finish your answer, if you will let me finish my

Q All right. And those are the things you put on in the change house?

A Yes.

Q Do you change clothes at 9723-27?

A Yes.

Q And you know what the Kronos system is, right?

A It's a time clock.

Q It's a clock that measures --

A Accountability. They say that, but they will dock you.

Q My question is, do you routinely Kronos in at 9723-27?

A Of the morning.

Q And is that before or after you change clothes routinely?

A Routinely I try to hit it when I go in.

Q So that would be before you change clothes?

A Before I change clothes.

Q And how long does it take you to change clothes in the change house?

A No more than three or four minutes.

Q Your Kronos records indicate that occasionally you have Kronosed in at 9725 east side door

this section? I don't need every niggling thing, but what in general do you put on depending upon the assignment?

A Outside of the --

Q Let's go outside the perimeter.

A You've got to have work gloves, boots, hard hat, safety glasses, earplugs, shields, sometimes sleeves. Sometimes you wear stuff for -- leathers.

Q As I understand it, those items you put on after the morning meeting?

A Yes.

Q And part of the reason is you don't know what your assignment is till you go to the meeting, right?

A Yes.

Q Now, is it different when you're working inside the protected area and, if so, what sort of PPE would you put on working inside the protected area?

A If we was working in a RAD area, is that what you're saying?

Q Well, we've already talked about that. So we know if you work in a RAD area there's certain --

A Yes.

Q What is the protective gear you put on

to work in a RAD area?

A You would have anti-c's, you would have rubber booties, gloves, you would have skull caps, you would have -- I mean --

Q Whatever is specified?

A -- whatever it tells you to put on.

Q Okay. And is it fair to say whatever the PPE you put on is always put on after the morning meetings?

A Yes.

Q And is it fair to say, as I understand it, when you leave an area that required a certain type of PPE, so when you leave a RAD area, for example, you take off the PPE right outside or somewhere close to the RAD area, correct?

A Yes.

Q And that's also on the clock, right?

A Yes.

Q Does Josh track your start time and end time for payroll purposes or do you?

A Josh does it.

Q Do you generally turn in a timesheet?

A We used to.

Q You don't anymore?

A No.

C E R T I F I C A T E

STATE OF TENNESSEE:

COUNTY OF SEVIER:

I, Todd Humble, Licensed Court Reporter and Notary Public, do hereby certify that I reported in machine shorthand the above testimony, and that the foregoing 61 pages were typed under my personal supervision and constitute a true and accurate record of the proceedings.

I further certify that I am not an attorney or counsel for any of the parties; nor a relative or employee of any attorney or counsel connected with the action; nor financially interested in the action.

This day of ,
2023.

Todd Humble, Licensed Court
Reporter and Notary Public
My commission expires: 7-2-2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

RAYMOND HUTZLER, ET AL,

Plaintiffs,

v. No. 3:21-CV-304-TAV-DCP

CONSOLIDATED NUCLEAR SECURITY, LLC,

Defendants.

DEPOSITION OF JEREMY GRIFFITH

August 3, 2023

Reporter: Todd Humble, LCR

APPEARANCES OF COUNSEL:

For the Plaintiffs:

Garry Ferraris
Law Office of Garry Ferraris
800 S. Gay Street, Suite 650
Knoxville, Tennessee 37929

William B. Ryan
Donati Law, PLLC
1545 Union Avenue
Memphis, Tennessee 38104

For the Defendant:

Edward G. Phillips

Kramer Rayson LLP

P.O. Box 629

Knoxville, Tennessee 37901-0629

Kristi McKinney Stogsdill

Consolidated Nuclear Security, LLC

P.O. Box 2009

Oak Ridge, Tennessee 37831

Also Appearing:

John Kear

Nathan Pippin

Andrew Oody

# I N D E X

THE WITNESS: JEREMY GRIFFITH


| Page: | |
|---|---|
| 5 | Examination by Mr. Phillips |

| Exhibits: | Page: | Description: |
|---|---|---|
| 1 (filed) | 13 | Job Description, MFG-Y Chemical Operator 8560 |
| 2 (filed) | 13 | Payroll Printout 2018-2022 |
| 3 (filed) | 18 | Organization Chart February 22, 2023 |
| 4 (filed) | 24 | ATLC Contract |
| 5 (filed) | 25 | First Amended Complaint |
| 6 (filed) | 34 | Photograph |
| 7 (filed) | 34 | Photograph |
| 8 (filed) | 49 | Lenel Badge Reader records |
| 9 (filed) | 51 | Argus Badge Reader records |
| 10 (filed) | 52 | PTBAL Reports |
| 11 (filed) | 53 | ATT Report |
| 12 (filed) | 53 | 2018-2022 Wagetype Report |
| 13 (filed) | 54 | Kronos records |
| 14 (filed) | 57 | Map of Y-12 |
| 15 (filed) | 77 | ATLC Contract - Section 13 |

The deposition of JEREMY GRIFFITH, called as a witness at the instance of the Defendant, for purposes of discovery, pursuant to the applicable sections of Federal Rules of Civil Procedure, taken by agreement on August 3, 2023, before Todd Humble, Licensed Court Reporter and Notary Public, at the law office of Kramer Rayson LLP, 800 South Gay Street, Suite 2500, Knoxville, Tennessee, pursuant to the stipulation of counsel.

STIPULATIONS

It being agreed that Todd Humble, Licensed Court Reporter and Notary Public, may swear the witness, report the deposition in machine shorthand, afterwards reducing the same to typewriting.

All objections except as to the form of the question are reserved to on or before the hearing.

It being further agreed that all formalities as to notice, caption, certificate, transmission, et cetera, including the reading of the completed deposition by the witness and the signature of the witness, are expressly waived.

JEREMY GRIFFITH,

called as a witness at the instance of the Defendant, having first been duly sworn, was examined and deposed as follows:

EXAMINATION

BY MR. PHILLIPS:

Q Could you state your name, please?
A Jeremy Griffith.
Q Jeremy, before we start asking questions I'm going to run through quickly some sort of grounds rules. You understand you're under oath?
A Yes, sir.
Q Which means you're sworn to tell the truth?
A (Witness nods head.)
Q Okay. There's rule number two. You've got to either say yes or no. You can't just nod or shake your head.
A Okay.
Q We can only have one person speaking at a time. So I'll try to let you finish and you'll try to let me finish, okay?
A Yes.
Q Now, sometimes that doesn't happen because I think, well, you paused and you're not

time you Kronos out. Do you have any reason to believe that this record is not accurate?

A No, I don't.

Q Jeremy, how long does it normally take you to change into the company furnished clothes, including the shoes?

A About five minutes.

Q And after you change clothes you walk to 9818?

A Yes, sir.

Q For your first morning meeting?

A That's correct.

Q I may have asked you this, but is there any other activity that you engage in after you leave the change house and before the beginning of the shift meeting, other than walking over there to go to the meeting?

A I have to Kronos in, but other than that, no.

Q And you Kronos in before the shift starts?

A That's correct.

Q And that's basically the requirement. You're required to Kronos in sometime before your shift starts?

Q At 9818?

A There is an area that we have to put on PPE.

Q Okay. And can you describe for me each type of PPE you would have to put on to work in 9818 processing?

A Yeah, it's -- they're called fast packs and they're like paper suits and then you have to put on booties, rubber booties, and two pairs of gloves, face shield and goggles. I think I got everything.

Q Is that everything?

A I think so.

Q And you do that after the beginning of the shift meeting?

A Only if we have stuff to pour up.

Q You wouldn't do it every day?

A No.

Q On the days in which you are working with -- is this with the liquid?

A Yes.

Q On those days you would put on the fast pack, is that what you said?

A Yes, sir.

Q Which is a paper suit?

A Yeah, it's like --

Q I can't even read my writing, two pairs of gloves, a face mask.

A And goggles.

Q Goggles, okay.

A And rubber booties.

Q And rubber booties, that's it. You would put them on at sometime before you have to deal with the chemicals, but it would be sometime after your beginning of the shift meeting?

A That's correct.

Q Let's talk for a minute about when you go in the MAA over at 9212. Do you have to put on PPE to go in there?

A Not to go in there, no.

Q Or to come out?

A No.

Q I forgot to tell you, if you need a break tell me. This is not an inquisition.

A I'm good now.

Q All right. Have you put on any different PPE that you can recall back to August 2018, other than what you described?

A Not that I recall.

Q And you would always, I just want to be clear, put on PPE after the morning meetings, correct?

A Correct.
Q Now, if you put on PPE to deal with the liquid chemicals, do you take it off before the end of the shift meeting?
A That's correct.
Q So you would take it off at 9818 production?
A That's correct.
Q And when you take it off that would also be performed on the clock, it's during the shift?
A That's correct.
Q Who tracks your time? There's a program called One Time. Do you know what One Time is?
A I do.
Q All right. What is that?
A It's like timekeeping.
Q Who tracks your time, do you track your time or does your supervisor?
A My supervisor.
Q And so would it be your supervisor enters your start time and your end time for payroll purposes?
A That's correct.
Q When your supervisor enters the time, is it fair to say you're expected to review and approve

C E R T I F I C A T E

STATE OF TENNESSEE:

COUNTY OF SEVIER:

I, Todd Humble, Licensed Court Reporter and Notary Public, do hereby certify that I reported in machine shorthand the above testimony, and that the foregoing 97 pages were typed under my personal supervision and constitute a true and accurate record of the proceedings.

I further certify that I am not an attorney or counsel for any of the parties; nor a relative or employee of any attorney or counsel connected with the action; nor financially interested in the action.

This day of ,
2023.

Todd Humble, Licensed Court
Reporter and Notary Public
My commission expires: 7-2-2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| RAYMOND HUTZLER, ET AL, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| VS. | ) No. 3:21-cv-304-TAV-DCP |
| | ) |
| CONSOLIDATED NUCLEAR, | ) |
| SECURITY, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| ______________________________ | ) |

DEPOSITION OF JOSHUA KEITH HAMBY

AUGUST 11, 2023

EMILY A. HEADRICK
LICENSED COURT REPORTER
POST OFFICE BOX 751
TOWNSEND, TENNESSEE 37882
(865) 216-0648

APPEARANCES:

MR. GARRY FERRARIS
Law Office of Garry Ferraris
800 S. Gay Street, Suite 650
Knoxville, Tennessee 37929
(865) 584-2144
gferraris@ferrarislaw.com
Attorney for the Plaintiffs

MR. EDWARD G. PHILLIPS
Kramer Rayson, LLP
PO Box 629
Knoxville, Tennessee 37901-0629
(865- 525-5134
ephillips@kramer-rayson.com
Attorney for the Defendant

MS. KRISTI McKINNEY STOGSDILL
Consolidated Nuclear Security, LLC
PO Box 2009
Oak Ridge, Tennessee 37831-2009
(865) 241-0043
kristi.stogsdill@pxy12.doe.gov
Attorney for the Defendant

# INDEX TO DEPOSITION


| JOSHUA KEITH HAMBY | PAGE |
|---|---|
| Examination by Mr. Phillips | 4 |
| Examination by Mr. Ferraris | 52 |
| Examination Continued by Mr. Phillips | 53 |


## EXHIBITS


| Exhibit | Description | Page |
|---|---|---|
| 114 | MFG-Y Sheet Metal Worker Job Posting | 8 |
| 115 | MFG-Y Machine Cleaner Job Description | 9 |
| 116 | Wage Statements | 15 |
| 117 | Organization Chart | 21 |
| 118 | Lenel Badge Reader Records | 36 |
| 119 | Argus Badge Reader Records | 37 |
| 120 | 2019 PTBAL Report | 38 |
| 121 | 2019 ATT Report | 39 |
| 122 | 2019 to 2022 WageType Report | 40 |
| 123 | Kronos Attendance Verification Records | 42 |
| 124 | Map of Y-12 | 44 |


(Unless provided by counsel to the court reporter, all names are rendered as the best phonetic approximation.)

DEPOSITION

The pretrial deposition of JOSHUA KEITH HAMBY, taken by agreement of counsel, for the purpose of discovery, pursuant to the Tennessee Rules of Civil Procedure, before Emily A. Headrick-Johnson, Shorthand Reporter and Notary Public in and for the State of Tennessee at Large, on the 11th day of August, 2023, at the law offices of Kramer Rayson, LLP, 800 South Gay Street, Suite 2500, Knoxville, Tennessee.

It is agreed that the reporter may swear the witness, that she may take the deposition in machine shorthand, and reduce her notes to typewritten form.

All objections except as to the form of the question are reserved until the time of hearing.

All formalities as to caption, certificate, and transmission are expressly waived.

JOSHUA KEITH HAMBY,

having been first duly sworn,

was examined and deposed as follows:

EXAMINATION

BY MR. PHILLIPS:

Q. Would you state your name for the record, please.

A. Joshua Keith Hamby.

Q. Joshua, I'm going to just briefly cover

A. Well, I go to the change house, I change, I walk to my building, I get in my building, I clock in, and then I go to my morning briefings.

Q. When you clock in, you're talking about using the Kronos machine?

A. Yes.

Q. Okay. Can you tell me how long it takes you, how many minutes, roughly, it takes you to change clothing?

A. Between three to five minutes.

Q. Okay. I take it those two locations, your change house and 9201-01, as I looked at the map, they're fairly close together?

A. Yes.

Q. How long does it take you to walk from your change house to your work area?

A. Five, six minutes or so.

Q. And so do I understand correctly, then, that your claim for unpaid time is three to five minutes changing clothes and five to six minutes walking to your work area?

A. Yes, but that -- it changes because the change house might be packed and it might be longer.

Q. Well, let's talk about that. Why would the change house be packed one day any more than another

three minutes before the end of the shift?

A. Yes.

Q. And you do that at the change house?

A. Change house.

Q. Okay. I want to talk a little bit about personal protective equipment, PPE. Do you work around hazardous chemicals or substances?

A. No.

Q. No. Okay. Do you put on any kind of personal protective equipment, PPE? You know, a lot of people have to put on different things. Do you ever have to put on personal protective equipment?

A. Are you talking about like where I perform my job?

Q. Yes.

A. Certain stuff I do on my job?

Q. Yes.

A. Well, I have to wear PAPR sometimes.

Q. Now, you have to tell me what that is.

A. It's just a -- it's just a hood with a filter on it that forces air into you so you ain't breathing in grinding dust.

Q. Okay. So that would be an example of PPE you would put on?

A. Well, that, your safety glasses,

earplugs, your gloves, got to wear steel toe boots or composite boots, yeah.

Q. Is it fair to say that when you put on what you've just mentioned, except for the boots, you put the boots on in the change house, but the things that you put on before you start grinding or that you just mentioned, all of that's done while you're on the clock, right?

A. Yes.

Q. There would not be any time where you would put on any of that personal PPE before the shift? It's all on the clock, right?

A. You're talking about the safety glasses?

Q. Yes, safety glasses, earplugs, the --

A. Yes, it'd be on the clock.

Q. All right. And the same question on the end. When you finish the assignment that required you to put on the PPE, you'd take it off, right?

A. Right.

Q. And that would also be on the clock?

A. Right.

Q. Have you ever had a disagreement with your immediate supervisor over the time that's entered into your payroll record for your pay? In other words, have you ever had a disagreement over the start time or

# C E R T I F I C A T E

STATE OF TENNESSEE

COUNTY OF BLOUNT:

I, Emily A. Headrick-Johnson, Court Reporter and Notary Public, do hereby certify that I reported in machine shorthand the above testimony, and that the foregoing pages were typed under my personal supervision and constitute a true and accurate record of the proceedings.

I further certify that I am not an attorney or counsel for any of the parties, nor a relative or employee of any attorney or counsel connected with the action, nor financially interested in the action.

This 16th day of August, 2023.

Emily A. Headrick-Johnson, LCR #421
Court Reporter and Notary Public

My commission expires:
February 28, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

RAYMOND HUTZLER, ET AL,

Plaintiffs,

v. No. 3:21-CV-304-TAV-DCP

CONSOLIDATED NUCLEAR SECURITY, LLC,

Defendants.

DEPOSITION OF RAYMOND HUTZLER

August 4, 2023

Reporter: Todd Humble, LCR

APPEARANCES OF COUNSEL:

For the Plaintiffs:

Garry Ferraris
Law Office of Garry Ferraris
800 S. Gay Street, Suite 650
Knoxville, Tennessee 37929

William B. Ryan
Donati Law, PLLC
1545 Union Avenue
Memphis, Tennessee 38104

For the Defendant:

John E. Winters
Kramer Rayson LLP
P.O. Box 629
Knoxville, Tennessee 37901-0629

Kristi McKinney Stogsdill
Consolidated Nuclear Security, LLC
P.O. Box 2009
Oak Ridge, Tennessee 37831

# I N D E X

THE WITNESS: RAYMOND HUTZLER


| Page: | | |
|---|---|---|
| 5 | Examination by Mr. Winters | |

| Exhibits: | Page: | Description: |
|---|---|---|
| 53 (filed) | 32 | Payroll Printout 2018-2022 |
| 54 (filed) | 87 | Wagetype Report 2018-2022 |
| 55 (filed) | 102 | PTBAL Report 2018-2022 |
| 56 (filed) | 103 | Att Report 2018-2022 |
| 57 (filed) | 103 | Lenel Badge Reader records |
| 58 (filed) | 103 | Argus Badge Reader records |
| 59 (filed) | 104 | Kronos Report 2020-2022 |
| 60 (filed) | 104 | CNS Management requirements, Electric Safety Manual January 17, 2019 |
| 61 (filed) | 112 | Grievances packet |
| 62 (filed) | 118 | Grievance - May 10, 2021 |

The deposition of RAYMOND HUTZLER, called as a witness at the instance of the Defendant, for purposes of discovery, pursuant to the applicable sections of Federal Rules of Civil Procedure, taken by agreement on August 4, 2023, before Todd Humble, Licensed Court Reporter and Notary Public, at the law office of Kramer Rayson LLP, 800 South Gay Street, Suite 2500, Knoxville, Tennessee, pursuant to the stipulation of counsel.

STIPULATIONS

It being agreed that Todd Humble, Licensed Court Reporter and Notary Public, may swear the witness, report the deposition in machine shorthand, afterwards reducing the same to typewriting.

All objections except as to the form of the question are reserved to on or before the hearing.

It being further agreed that all formalities as to notice, caption, certificate, transmission, et cetera, including the reading of the completed deposition by the witness and the signature of the witness, are expressly waived.

RAYMOND HUTZLER,

called as a witness at the instance of the Defendant, having first been duly sworn, was examined and deposed as follows:

EXAMINATION

BY MR. WINTERS:

Q Mr. Hutzler, you've had a chance to sit through two depositions so far. Have you ever been in a deposition before today?

A No.

Q So you at least understand what's going to happen in terms of me asking questions, correct?

A Yes.

Q If I ask a question that you don't understand, if you'll ask me to repeat it or rephrase it, I'll be happy to, okay?

A Yes.

Q And if you give an answer to a question, will it be fair for me to assume you understood the question?

A If I do not understand a question, I will ask for clarification.

Q And if you answer a question, will it be fair for me to assume you understood the question?

A Yes.

Q Can you state your name for the record?
A Raymond Hutzler.
Q Where do you live?
A I live in Kingston, 1017 Hamilton Lane, Kingston, Tennessee.
Q What is your date of birth?
A May 7, 1979.
Q You're currently employed by CNS at Y-12?
A Yes.
Q When did you start working at Y-12?
A The fall of 2008. I think it was either the end of October or first of November.
Q Have you ever filed a claim for short-term disability since August 2018?
A I have not.
Q The same is true for long-term disability?
A Correct.
Q Have you filed or made a leave request for any other reason since August 2018?
A No.
Q Have you been continuously employed by Y-12 or at Y-12 since the fall of 2008?
A Yes.

talking, a duffle bag or whatever. It’s probably going to be in a backpack or some kind of bag.

Q You’re not wearing that gear out of the change house, are you?

A I am not usually carrying that with me.

Q And you’re not wearing it either, are you?

A Oh, no. You carry it to the jobsite and put it on at the jobsite.

Q You said you’re taking gloves and I want to say you said at least regular gloves.

A Yeah, just like a pair of leather or stretchy type, just work gloves.

Q Are you wearing those out of the change house?

A I’d probably just stick them in my back pocket at that point.

Q You said you would take two pairs of safety glasses.

A Yeah.

Q Are you wearing either of those pairs as you leave the change house?

A Since I don’t need a prescription anymore maybe, maybe not. They’re probably sitting on my head and not my face, to be honest. If it’s sunny,

A I could simply go back and look at every single day that I worked overtime and that would answer it for my time.

Q And how much would you be claiming for each day?

A I would have to look at where I was charged to. If I was charged to a west end job, I would request -- I don't know, somewhere between 30 and 45 minutes probably. If I was on an east end job, probably somewhere between 15 and 25 approximately.

Q For the east end jobs does it take you longer to dress and to walk to 9737 than it would Mr. Whitus?

A Some of the times that they said aren't consistent with my experience. For me, I can't walk in the change house and get changed in two minutes. Maybe it's because I'm bigger, maybe it's because I'm older, maybe it's because I'm slower, I don't know. But for me two minutes is pretty fast.

Q How long does it take you to change?

A I would say from the time I walk into the change house until I have my socks changed, my boots on, all my clothing on, and I've put my pen in my pocket, and everything, and I'm ready to walk out the door and go to work, I'm going to spend between five and ten minutes

in there.

Q And how long does it take you to go from the change house to building 9737?

A It depends on where I'm going in 9737. If I'm going to the very far end of it, probably about five minutes. If I'm going to go just to the end where me and Matthew are, if I truck across there I could probably make it in a couple of minutes. I probably spend about three or four walking that way.

Q How long does it take to go from your change house to 92 -- is it 04 or 01?

A 9201-3 Alpha 1 -- I mean Alpha 3. It would take me more like an extra five minutes probably. You could probably walk over there in about ten minutes.

Q How long would it take you to go from your change house to 9212?

A That gets into whether you have a company vehicle available, are you waiting for a shuttle, are you driving your car which you're really kind of not supposed to do.

I know, for example, a couple of weekends ago I had a company vehicle that I could pick up at 9737 and drive. So I had about 15 in getting to the vehicle, drive down, park the vehicle, and drive up -- I mean walk up the hill, by the time I got through

C E R T I F I C A T E

STATE OF TENNESSEE:

COUNTY OF SEVIER:

I, Todd Humble, Licensed Court Reporter and Notary Public, do hereby certify that I reported in machine shorthand the above testimony, and that the foregoing 121 pages were typed under my personal supervision and constitute a true and accurate record of the proceedings.

I further certify that I am not an attorney or counsel for any of the parties; nor a relative or employee of any attorney or counsel connected with the action; nor financially interested in the action.

This        day of                    , 2023.

Todd Humble, Licensed Court
Reporter and Notary Public
My commission expires:  7-2-2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

RAYMOND HUTZLER, ET AL,

Plaintiffs,

v. No. 3:21-CV-304-TAV-DCP

CONSOLIDATED NUCLEAR SECURITY, LLC,

Defendants.

DEPOSITION OF MATTHEW COLT JOHNSON

August 17, 2023

Reporter: Todd Humble, LCR

APPEARANCES OF COUNSEL:

For the Plaintiffs:

Garry Ferraris
Law Office of Garry Ferraris
800 S. Gay Street, Suite 650
Knoxville, Tennessee 37929

For the Defendant:

Edward G. Phillips
Kramer Rayson LLP
P.O. Box 629
Knoxville, Tennessee 37901-0629

Kristi McKinney Stogsdill
Consolidated Nuclear Security, LLC
P.O. Box 2009
Oak Ridge, Tennessee 37831

Also Present:

Clarence Green
Travis Choate

# I N D E X

THE WITNESS: MATTHEW COLT JOHNSON


| Page: | |
|---|---|
| 5 | Examination by Mr. Phillips |
| 68 | Examination by Mr. Ferraris |
| 74 | Examination by Mr. Phillips |


| Exhibits: | Page: | Description: |
|---|---|---|
| 145 (filed) | 8 | MFG Y-12 Assemblyperson 7567 Job Posting |
| 146 (filed) | 11 | Wage Statement 2018-2022 |
| 147 (filed) | 17 | Dismantlement/QE Operations Chart |
| 148 (filed) | 34 | Lenel Badge Reader records 2018-2022 |
| 149 (filed) | 35 | Argus Badge Reader records 2018-2022 |
| 150 (filed) | 36 | PTBAL Report 2018-2021 |
| 151(filed) | 36 | ATT Report 2018-2022 |
| 152 (filed) | 37 | Wage Type Report 2018-2022 |
| 153 (filed) | 38 | Kronos Attendance Verification records 2020-2022 |
| 154 (filed) | 54 | Map of Y-12 |

The deposition of MATTHEW COLT JOHNSON, called as a witness at the instance of the Defendant, for purposes of discovery, pursuant to the applicable sections of Federal Rules of Civil Procedure, taken by agreement on August 17, 2023, before Todd Humble, Licensed Court Reporter and Notary Public, at the law office of Kramer Rayson LLP, 800 South Gay Street, Suite 2500, Knoxville, Tennessee, pursuant to the stipulation of counsel.

STIPULATIONS

It being agreed that Todd Humble, Licensed Court Reporter and Notary Public, may swear the witness, report the deposition in machine shorthand, afterwards reducing the same to typewriting.

All objections except as to the form of the question are reserved to on or before the hearing.

It being further agreed that all formalities as to notice, caption, certificate, transmission, et cetera, including the reading of the completed deposition by the witness and the signature of the witness, are expressly waived.

MATTHEW COLT JOHNSON,

called as a witness at the instance of the Defendant, having first been duly sworn, was examined and deposed as follows:

EXAMINATION

BY MR. PHILLIPS:

Q Would you state your name, please?
A Matthew Colt Johnson
Q And do you go by Colt or Matthew?
A I go by my middle name, Colt.
Q Colt, okay. I'll try to remember that. It's okay if I call you Colt.
A Yes.
Q There's just a few ground rules very quickly. You're under oath, you understand that. So you're sworn to tell the truth.
Only one of us can speak at a time because the court reporter can't take it down if two people are speaking. So I'll try to let you finish your answer and you try to let me finish my question, okay?
A Yes.
Q If you don't understand a question, just say repeat it or I don't understand and I'll repeat it, okay?
A Yes, sir.

A Just going to the change house.

Q Okay. And your change house is in 9204-2E?

A Yes.

Q Which is also your work location, fair?

A Yes.

Q Not the same part of the building?

A (No audible response.)

Q The same building?

A Correct.

Q How long does it take you to walk from inside Post 8 to your change house?

A Two, three minutes.

Q And what's the next work activity then, after you get to the change house, that your position is the company has required you to perform before the paid shift?

A Change clothes.

Q All right. And can you tell me how long it takes you to change clothes, your best estimate?

A A minute, two minutes.

Q And then what is the next duty that you claim the company has required you to perform after leaving the change house but before the six o'clock beginning of shift meeting?

understand correctly that you work around hazardous chemicals or substances?

A Yes.

Q And what you're working around may depend on the assignment of the day; is that fair or does it?

A There's chemicals everywhere in that building.

Q All right, okay. I take it, before you get into the work area, you put on personal protective equipment, PPE.

A Say that one more time.

Q You are having your morning meeting inside the MMA, right?

A Yes.

Q But after the morning meeting and before you start working you put on personal protective equipment, you put on PPE, right?

A Yes.

Q And you put that on after your meeting ends, right?

A Yes.

Q And it may be, depending on the job, if the supervisor has to have a second meeting, then you may put it on after the second meeting?

A That's correct.
Q Now, can you just describe generally the type of PPE you have put on since August 25, 2018 to the present?
A A lot of it could be, depending on which job it's going to depend different, but generally, broad, I have wore cloth coveralls, Tyvek coveralls.
Q Now the cloth coveralls, let me stop you there, are you talking about the coveralls you put on in the change house or cloth coveralls on top of those?
A Yes, cloth coveralls on top of the ones that you've got.
Q All right, go ahead, I interrupted you.
A That would be anti-c coveralls I guess I should have stated. So we've got Tyvek coveralls we wear, cloth coveralls. We have wore -- the GB, the glovebox, some of that requires just sleeves. The dry room that's a totally different thing. They wear suits to go in that building, but they're in the room, but that's totally different. The majority is just going to be Tyvek or cloth coveralls, can be lab coat, anti-c gloves, depending on RWPs, depending on what it is, but it would be gloves, booties, whether it be lab coat or coveralls. It just depends on what area to what you're doing.

Q All right, I understand. And when you say RWPs, do I understand correctly that if you're going into a RAD area that there is an RWP that tells you what you're supposed to put on before you go into the RAD area?
A Yes, radiological work permit.
Q And you obviously follow that before you start working?
A Yes.
Q Have you always put this PPE on after the morning meetings?
A Yes.
Q And when you get to the end of the day or the end of assignment that requires you to wear certain PPE, let's say a RAD area, okay, do you take off the required PPE, you know, right when you leave the work location?
A Yes. There's areas it has to be taken off.
Q And those are all done on the clock?
A Yes.
Q Does your supervisor track your time in One Time?
A The supervisor enters our time.
Q Okay. Do you know what One Time is,

C E R T I F I C A T E

STATE OF TENNESSEE:

COUNTY OF SEVIER:

I, Todd Humble, Licensed Court Reporter and Notary Public, do hereby certify that I reported in machine shorthand the above testimony, and that the foregoing 75 pages were typed under my personal supervision and constitute a true and accurate record of the proceedings.

I further certify that I am not an attorney or counsel for any of the parties; nor a relative or employee of any attorney or counsel connected with the action; nor financially interested in the action.

This day of ,

2023.

Todd Humble, Licensed Court
Reporter and Notary Public
My commission expires: 7-2-2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

RAYMOND HUTZLER, ET AL,

Plaintiffs,

v. No. 3:21-CV-304-TAV-DCP

CONSOLIDATED NUCLEAR SECURITY, LLC,

Defendants.

DEPOSITION OF WILEY C. KING, JR.

August 18, 2023

Reporter: Todd Humble, LCR

APPEARANCES OF COUNSEL:

For the Plaintiffs:

William B. Ryan
Donati Law, PLLC
1545 Union Avenue
Memphis, Tennessee 38104

For the Defendant:

John E. Winters
Kramer Rayson LLP
P.O. Box 629
Knoxville, Tennessee 37901-0629

Kristi McKinney Stogsdill
Consolidated Nuclear Security, LLC
P.O. Box 2009
Oak Ridge, Tennessee 37831

# I N D E X

THE WITNESS: WILEY C. KING, JR.


| Page: | |
|---|---|
| 5 | Examination by Mr. Winters |

| Exhibits: | Page: | Description: |
|---|---|---|
| 182 (filed) | 9 | Wage Statement 2018-2022 |
| 183 (filed) | 39 | ATT Report 2018-2022 |
| 184 (filed) | 39 | Lenel Badge Reader records 2018-2022 |
| 185 (filed) | 39 | PTBAL Report 2018-2022 |
| 186 (filed) | 40 | Wage Type Report 2018-2022 |
| 187 (filed) | 40 | Argus Badge Reader records 2018-2022 |
| 188 (filed) | 41 | Kronos Attendance Verification records 2020-2022 |

The deposition of WILEY C. KING, JR., called as a witness at the instance of the Defendant, for purposes of discovery, pursuant to the applicable sections of Federal Rules of Civil Procedure, taken by agreement on August 18, 2023, before Todd Humble, Licensed Court Reporter and Notary Public, at the law office of Kramer Rayson LLP, 800 South Gay Street, Suite 2500, Knoxville, Tennessee, pursuant to the stipulation of counsel.

STIPULATIONS

It being agreed that Todd Humble, Licensed Court Reporter and Notary Public, may swear the witness, report the deposition in machine shorthand, afterwards reducing the same to typewriting.

All objections except as to the form of the question are reserved to on or before the hearing.

It being further agreed that all formalities as to notice, caption, certificate, transmission, et cetera, including the reading of the completed deposition by the witness and the signature of the witness, are expressly waived.

WILEY C. KING, JR.,

called as a witness at the instance of the Defendant, having first been duly sworn, was examined and deposed as follows:

EXAMINATION

BY MR. WINTERS:

Q Mr. King, would you please state your name?

A Wiley C. King, Jr.

Q Have you ever given a deposition before?

A Yes.

Q In what kind of case?

A It was a Department of Labor case with Mr. John Agee. I think it was a deposition.

Q As happened in that case, I'll be asking you some questions today. If at any point I ask you a question you don't understand, if you will ask me to repeat it or rephrase it, I'll be happy to, okay?

A Okay.

Q And if you give an answer to a question, will it be fair for me to assume that you understood the question?

A Yes, sir.

Q You currently work at Y-12?

through Post 8, that that information would not be correct?

A No, sir.

Q When you get through Post 8, what do you do at that time?

A Going through Post 8 I'll either take a shuttle or I'll walk to my building.

Q On the days when you take a shuttle, how long does that take to get the shuttle, go on the shuttle to HEUMF?

A Average day, at least eight to ten minutes and that's because they make multiple stops. Walking, at least ten minutes.

Q You beat me to my next question. When you get to HEUMF, do you swipe the Kronos machine when you get to that building?

A Yes.

Q Where?

A Inside of our building.

Q How close to the change area or change house portion of the building do you swipe the Kronos device?

A For that building it's actually a bathroom, so maybe ten feet, maybe.

Q And then do you swipe the Kronos device

he may have misunderstood or maybe we just interpret it different maybe.

Q Did you hear him testify that there's at least one material clerk who doesn't change into CNS clothing before the start of the shift?

A Yes.

Q Do you know who that person is?

A No.

Q Have you ever seen a material clerk who wasn't wearing CNS provided clothing after or during a shift?

A No.

Q Do you ever have to put on any type of coveralls or Tyvek material during a shift?

A No.

Q Do you ever have to work in a RAD area or beryllium area?

A Yes.

Q Do you wear any specific clothing when you're doing work in a beryllium area?

A Other than our purple gloves or leather gloves, no, sir.

Q What are the purple gloves?

A Just when you're handling material you have to wear the purple gloves.

Q Do they have some type of coating on them?
A No, sir. They're just provided by Rad-Con.
Q What type of material are they?
A Nylon.
Q I take it you put those gloves on before you perform a certain task?
A Yes.
Q You don't wear those to the pre-shift meeting, do you?
A No, sir.
Q Do most material clerks generally wear the scrub pants?
A Some. Some wear the tan or blue Carhartt pants.
Q And are those cotton pants?
A Yes.
Q You've worked at Y-12 a little less than 20 years; is that right?
A Yes.
Q During your almost 20 years of service, have you ever been compensated for changing clothes before the start of your shift?
A No.

C E R T I F I C A T E

STATE OF TENNESSEE:

COUNTY OF SEVIER:

I, Todd Humble, Licensed Court Reporter and Notary Public, do hereby certify that I reported in machine shorthand the above testimony, and that the foregoing 47 pages were typed under my personal supervision and constitute a true and accurate record of the proceedings.

I further certify that I am not an attorney or counsel for any of the parties; nor a relative or employee of any attorney or counsel connected with the action; nor financially interested in the action.

This day of , 2023.

Todd Humble, Licensed Court
Reporter and Notary Public
My commission expires: 7-2-2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

RAYMOND HUTZLER, ET AL,

Plaintiffs,

v. No. 3:21-CV-304-TAV-DCP

CONSOLIDATED NUCLEAR SECURITY, LLC,

Defendants.

DEPOSITION OF LEVI McDANIEL

August 10, 2023

Reporter: Todd Humble, LCR

APPEARANCES OF COUNSEL:

For the Plaintiffs:

Garry Ferraris
Law Office of Garry Ferraris
800 S. Gay Street, Suite 650
Knoxville, Tennessee 37929

For the Defendant:

John E. Winters
Kramer Rayson LLP
P.O. Box 629
Knoxville, Tennessee 37901-0629

Kristi McKinney Stogsdill
Consolidated Nuclear Security, LLC
P.O. Box 2009
Oak Ridge, Tennessee 37831

Also Present:

James C. Walters

# I N D E X

THE WITNESS: LEVI McDANIEL


| Page: | |
|---|---|
| 5 | Examination by Mr. Winters |
| 11 | Examination by Mr. Ferraris |

| Exhibits: | Page: | Description: |
|---|---|---|
| 107 (filed) | 9 | Wage Statements 2018-2022 |
| 108 (filed) | 25 | Argus Badge Reader Report 2021 |
| 109 (filed) | 25 | Wage Type Report 2018-2022 |
| 110 (filed) | 26 | Lenel Badge Reader Report 2018-2022 |
| 111 (filed) | 27 | ATT Report 2018-2022 |
| 112 (filed) | 29 | PTBAL Report 2018-2022 |
| 113 (filed) | 29 | Kronos Attendance Verification Records 2020-2022 |

The deposition of LEVI McDANIEL, called as a witness at the instance of the Defendant, for purposes of discovery, pursuant to the applicable sections of Federal Rules of Civil Procedure, taken by agreement on August 10, 2023, before Todd Humble, Licensed Court Reporter and Notary Public, at the law office of Kramer Rayson LLP, 800 South Gay Street, Suite 2500, Knoxville, Tennessee, pursuant to the stipulation of counsel.

STIPULATIONS

It being agreed that Todd Humble, Licensed Court Reporter and Notary Public, may swear the witness, report the deposition in machine shorthand, afterwards reducing the same to typewriting.

All objections except as to the form of the question are reserved to on or before the hearing.

It being further agreed that all formalities as to notice, caption, certificate, transmission, et cetera, including the reading of the completed deposition by the witness and the signature of the witness, are expressly waived.

LEVI McDANIEL,

called as a witness at the instance of the Defendant, having first been duly sworn, was examined and deposed as follows:

EXAMINATION

BY MR. WINTERS:

Q Mr. McDaniel, would you please state your name?

A Levi McDaniel.

Q Have you ever given a deposition before?

A No.

Q You've sat through two now.

A Yeah.

Q Probably as interesting as you thought they would be?

A Yeah.

Q If I ask you a question you don't understand, if you'll ask me to repeat it or rephrase it I'll be happy to, okay?

A Okay.

Q If you give an answer to a question, will it be fair for me to assume you understood it?

A Okay.

Q Where do you live?

clothes?

A To physically change, probably five minutes.

Q Into what clothes do you change?

A I change into FR coveralls.

Q Do all the welders in your group change into the same coveralls?

A No.

Q What do others change into?

A There's several different types that they change into.

Q Can you give me an example?

A Some of them are shirts and pants, some guys wear overalls, and some of them actually -- there's a couple that do wear the coveralls, but not many.

Q Do you wear anything under the coveralls?

A Yeah, a T-shirt and underclothes.

Q Is the T-shirt your T-shirt or is it a company T-shirt?

A I actually wear my T-shirt.

Q Are the coveralls that you wear made of the same material as the khaki clothes that are on the table?

A I don't think so.

Q What color are they?
A Same color as that blue.
Q What kind of material is it?
A I’m not sure.
Q So the coveralls are light blue?
A Yes, sir.
Q What kind of shoes do you wear?
A Composite toe.
Q Those are provided by the company?
A Yes, sir.
Q Do you wear anything else provided by the company?
A Safety equipment.
Q What safety equipment?
A We have safety glasses and gloves and we have some welding equipment.
Q What welding equipment?
A Hoods with welding lenses.
Q Do you wear the hood as you exit the change house?
A No, that’s only once I get in there after the briefing.
Q Do you put on the gloves or glasses before the meeting?
A Not typically.

Q Do you ever have to change into any other protective gear after the pre-shift meeting?

A Not typically.

Q For the other welders who change into pants and shirts, do they typically wear the same type of pants that Mr. Walters wears?

A I'm not sure.

Q Did you hear him describe the pants that he wears?

A I did. They have several variations of pants. So I'm not sure which ones he has and what they have.

Q I take it you don't have to go into the protected area to work at all?

A No, I don't.

Q What time do you typically arrive at the parking lot for your 5:30 shift?

A I try to get there anywhere from -- I try to hit it at five o'clock, but it don't work out that way because of traffic. So I would say 5:00 to 5:05, somewhere in that neighborhood. I'd say between 5:00 to 5:10, in that vicinity.

Q Then what time do you typically exit the change house and walk up to 9201-01?

A Probably twenty after five

C E R T I F I C A T E

STATE OF TENNESSEE:

COUNTY OF SEVIER:

I, Todd Humble, Licensed Court Reporter and Notary Public, do hereby certify that I reported in machine shorthand the above testimony, and that the foregoing 41 pages were typed under my personal supervision and constitute a true and accurate record of the proceedings.

I further certify that I am not an attorney or counsel for any of the parties; nor a relative or employee of any attorney or counsel connected with the action; nor financially interested in the action.

This day of ,
2023.

Todd Humble, Licensed Court
Reporter and Notary Public
My commission expires: 7-2-2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

RAYMOND HUTZLER, ET AL,

Plaintiffs,

v. No. 3:21-CV-304-TAV-DCP

CONSOLIDATED NUCLEAR SECURITY, LLC,

Defendants.

DEPOSITION OF ANDREW OODY

August 3, 2023

Reporter: Todd Humble, LCR

APPEARANCES OF COUNSEL:

For the Plaintiffs:

Garry Ferraris
Law Office of Garry Ferraris
800 S. Gay Street, Suite 650
Knoxville, Tennessee 37929

William B. Ryan

Donati Law, PLLC

1545 Union Avenue

Memphis, Tennessee 38104

For the Defendant:

Edward G. Phillips

Kramer Rayson LLP

P.O. Box 629

Knoxville, Tennessee 37901-0629

Kristi McKinney Stogsdill

Consolidated Nuclear Security, LLC

P.O. Box 2009

Oak Ridge, Tennessee 37831

Also present:

John Wear

# I N D E X

THE WITNESS: ANDREW OODY


| Page: | |
|---|---|
| 5 | Examination by Mr. Phillips |
| 73 | Examination by Mr. Ferraris |
| 74 | Examination by Mr. Phillips |
| 75 | Examination by Mr. Ferraris |
| 77 | Examination by Mr. Phillips |
| 79 | Examination by Mr. Ferraris |

| Exhibits: | Page: | Description: |
|---|---|---|
| 24 (filed) | 13 | Wage Statements for 2018, 2019, 2020, and 2021 |
| 25 (filed) | 20 | SMO Organization chart |
| 26 (filed) | 46 | Lenel records |
| 27 (filed) | 46 | Argus records |
| 28 (filed) | 48 | PTBAL Report |
| 29 (filed) | 48 | 2018 ATT Report |
| 30 (filed) | 50 | Wage Type Report |
| 31 (filed) | 50 | Kronos Verification records |
| 32 (filed) | 52 | Map of Y-12 |
| 33 (filed) | 67 | ATLC Grievance Report |

The deposition of ANDREW OODY, called as a witness at the instance of the Defendant, for purposes of discovery, pursuant to the applicable sections of Federal Rules of Civil Procedure, taken by agreement on August 3, 2023, before Todd Humble, Licensed Court Reporter and Notary Public, at the law office of Kramer Rayson LLP, 800 South Gay Street, Suite 2500, Knoxville, Tennessee, pursuant to the stipulation of counsel.

STIPULATIONS

It being agreed that Todd Humble, Licensed Court Reporter and Notary Public, may swear the witness, report the deposition in machine shorthand, afterwards reducing the same to typewriting.

All objections except as to the form of the question are reserved to on or before the hearing.

It being further agreed that all formalities as to notice, caption, certificate, transmission, et cetera, including the reading of the completed deposition by the witness and the signature of the witness, are expressly waived.

ANDREW OODY,

called as a witness at the instance of the Defendant, having first been duly sworn, was examined and deposed as follows:

EXAMINATION

BY MR. PHILLIPS:

Q Would you state your name for the record, please?

A Andrew Oody.

Q And you've been through two depositions, so I take it by now you know you're sworn to tell the truth and only one person at a time is going to talk, because he can't take it down. If you don't understand a question, tell me.

A Okay.

Q You can't nod your head or shake it. You've got to say yes or no. You've got to verbalize your answer.

A Okay.

Q And you heard the classified information. If there's some question I ask you that you think calls for classified information, stop me, and if we need to, we'll call the classifier.

A Understood.

Q Andrew, where do you live?

making a claim for?

A It took me about on average, give or take, 12 or so minutes, depending on a good day or bad day, maybe a little more, maybe a little less, to walk from the change house to the building. As far as the act of changing --

Q That includes passing through Post 8?

A Correct.

Q While you're in the change house, I take it your claim includes you were not paid for changing clothes?

A Correct.

Q How long on average did it take you to change clothes?

A On average, five minutes approximately.

Q And then you got another 12 minutes, by the time you leave the change house, until you get to the beginning of the shift meeting?

A Well, that's really just to the building.

Q Okay, to the building, and the building is 9204-1?

A Dash two.

Q Dash two, okay, sorry. And when you get to 9204-2, where did your supervisor hold a beginning

the building?

A Yes.

Q So you would go basically to the same location area?

A Right.

Q And you did not, correct me if I'm wrong, your work did not require you to put on any personal protective equipment or is that wrong; did you put on personal protective equipment?

A Based on the job there were various requirements for different levels of personal protective equipment, yes.

Q And so when you had a job requirement to put on PPE, you would do that but it would always be after the morning meeting, right?

A Correct.

Q And it would be before you go into the work area, whatever it was, or before you performed the work?

A Correct.

Q You would put on the PPE?

A Yes, sir.

Q Can you just summarize what general PPE you would wear depending upon the job?

A It could be a lab coat, special types

of gloves, it could be hearing protection, it could be face shields or goggles, an apron, chemical apron, that’s about it, hard hats perhaps.

Q And all of that would be done on the clock?

A Correct.

Q And did your supervisors regularly conduct a meeting before the end of the shift?

A Yes, sir.

Q In the same office?

A Yes, conference room.

Q Conference room. What time did the end of the shift meeting start?

A Typically 30 minutes before the end of the shift.

Q And what time did the end of shift meetings typically end?

A It really depended on who conducted the meeting. So it could range from a few minutes to ten or fifteen.

Q The meeting could be a few minutes to ten to fifteen?

A Correct.

Q Which would mean if it’s ten minutes, you would be released from the meeting twenty minutes

C E R T I F I C A T E

STATE OF TENNESSEE:

COUNTY OF SEVIER:

I, Todd Humble, Licensed Court Reporter and Notary Public, do hereby certify that I reported in machine shorthand the above testimony, and that the foregoing 80 pages were typed under my personal supervision and constitute a true and accurate record of the proceedings.

I further certify that I am not an attorney or counsel for any of the parties; nor a relative or employee of any attorney or counsel connected with the action; nor financially interested in the action.

This day of ,
2023.

Todd Humble, Licensed Court
Reporter and Notary Public
My commission expires: 7-2-2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

RAYMOND HUTZLER, ET AL,

Plaintiffs,

v. No. 3:21-CV-304-TAV-DCP

CONSOLIDATED NUCLEAR SECURITY, LLC,

Defendants.

DEPOSITION OF NATHAN PIPPIN

August 3, 2023

Reporter: Todd Humble, LCR

APPEARANCES OF COUNSEL:

For the Plaintiffs:

Garry Ferraris
Law Office of Garry Ferraris
800 S. Gay Street, Suite 650
Knoxville, Tennessee 37929

William B. Ryan
Donati Law, PLLC

1545 Union Avenue

Memphis, Tennessee 38104

For the Defendant:

Edward G. Phillips

Kramer Rayson LLP

P.O. Box 629

Knoxville, Tennessee 37901-0629

Kristi McKinney Stogsdill

Consolidated Nuclear Security, LLC

P.O. Box 2009

Oak Ridge, Tennessee 37831

Also present:

Andrew Oody

John Kear

# I N D E X

THE WITNESS: NATHAN PIPPIN


| Page: | |
|---|---|
| 5 | Examination by Mr. Phillips |

| Exhibits: | Page: | Description: |
|---|---|---|
| 16 (filed) | 28 | Wage Statements for 2020, 2021, and 2022 |
| 17 (filed) | 66 | Lenel records |
| 18 (filed) | 66 | Argus records |
| 19 (filed) | 68 | 2020 PTBAL Report |
| 20 (filed) | 69 | 2020 ATT Report |
| 21 (filed) | 70 | 2020 Wage Type Report |
| 22 (filed) | 70 | 2020 Kronos Attendance Verification Records |
| 23 (filed) | 74 | Map or Y-12 |

The deposition of NATHAN PIPPIN, called as a witness at the instance of the Defendant, for purposes of discovery, pursuant to the applicable sections of Federal Rules of Civil Procedure, taken by agreement on August 3, 2023, before Todd Humble, Licensed Court Reporter and Notary Public, at the law office of Kramer Rayson LLP, 800 South Gay Street, Suite 2500, Knoxville, Tennessee, pursuant to the stipulation of counsel.

STIPULATIONS

It being agreed that Todd Humble, Licensed Court Reporter and Notary Public, may swear the witness, report the deposition in machine shorthand, afterwards reducing the same to typewriting.

All objections except as to the form of the question are reserved to on or before the hearing.

It being further agreed that all formalities as to notice, caption, certificate, transmission, et cetera, including the reading of the completed deposition by the witness and the signature of the witness, are expressly waived.

NATHAN PIPPIN,

called as a witness at the instance of the Defendant, having first been duly sworn, was examined and deposed as follows:

EXAMINATION

BY MR. PHILLIPS:

Q Would you state your name for the record?

A Nathan Pippin.

Q Nathan, you were here present when I took Jeremy Griffith's deposition.

A Yes, sir.

Q So it may be that I can move quicker through some of these exhibits because you sort of heard the explanation for them. I hope that's the case.

A Okay.

Q And you also heard me do the drill. You're under oath, you're sworn to tell the truth; you understand that, right?

A Yes, sir.

Q Only one of us can speak at a time. You can't just nod your head. You've got to answer verbally.

A Yes, sir.

Q If you don't understand, tell me and

into your work area which, as I understand it, is the MAA?

A Yes, sir.

Q Tell us what types of PPE you put on prior to going into the MAA.

A Well, we have to sign in on a RAD worker permit. Whatever that one entails is what we put on. I can tell you what I usually wear.

Q Tell me what that means, you had to sign in to a RAD worker permit.

A So in order to do any kind radiological work, I have to sign in on a RAD worker permit and that basically just outlines –- depending on where you are and what you're doing, they'll tell you where to use –- I mean you can talk to your RAD techs and all that. It just entails what you need to wear to be protected in the area.

Q Okay. Just generally speaking then, so there's different things you wear in different parts of the MAA?

A Correct.

Q Just give me an idea of the range of PPE you put on to get into your work area in the MAA.

A Okay. So you have to put on your shoe covers and then you put on your yellow anti-seize which

is just like a yellow jumpsuit basically.

Q What do you mean anti-seize.

A I don't actually know what it stands for, to be honest with you.

Q A yellow jumpsuit?

A Yes, sir, it's a yellow jumpsuit. Put on two pairs of gloves usually. Depending on what it is you might put on more. You have to tape up at the ankles and the wrists. You have to put your badge in a plastic bag so it's visible at all times. You have to tape that to you. And depending on what you're going to do, sometimes you have to go get a PAPR, personal air purifying respirator.

Q A respirator?

A Yes, sir. Like I said, it varies from day to day what we're doing and where we're going.

Q Whichever PPE you put on, was that after your morning, beginning of the shift meeting?

A Yes.

Q So whatever PPE you put on, it was on the clock?

A Yes.

Q And at the end of the day you would take off the PPE. You tell me, when would you take off the PPE?

A When you leave the area.
Q When you leave the MAA area?
A Whenever I actually leave my work area.
Q Okay. And that would be on the clock?
A Yes.
Q And you wouldn't know what PPE you were going to need until you had the beginning shift meeting?
A Ninety-nine percent of the time I know what I'm going to need, but there are -- pre-job, he can go into detail and tell us exactly where we're going and what we're doing.
Q Who tracks your time? And the first question I guess is, do you know what One Time is?
A Yes, sir.
Q Tell me what it is.
A I think it's what they use for timekeeping.
Q All right. Do you track your time daily or does your supervisor? I guess we've got two supervisors. So let's start with when you were working in wet chemistry. Did you enter your time or did your supervisor?
A My supervisor.
Q And is it fair to say, if he entered it, it was your responsibility to review it to be sure

C E R T I F I C A T E

STATE OF TENNESSEE:

COUNTY OF SEVIER:

I, Todd Humble, Licensed Court Reporter and Notary Public, do hereby certify that I reported in machine shorthand the above testimony, and that the foregoing 98 pages were typed under my personal supervision and constitute a true and accurate record of the proceedings.

I further certify that I am not an attorney or counsel for any of the parties; nor a relative or employee of any attorney or counsel connected with the action; nor financially interested in the action.

This day of ,
2023.

Todd Humble, Licensed Court
Reporter and Notary Public
My commission expires: 7-2-2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

RAYMOND HUTZLER, ET AL,

Plaintiffs,

v. No. 3:21-CV-304-TAV-DCP

CONSOLIDATED NUCLEAR SECURITY, LLC,

Defendants.

DEPOSITION OF NATHAN PHILLIP POE

August 10, 2023

Reporter: Todd Humble, LCR

APPEARANCES OF COUNSEL:

For the Plaintiffs:

Garry Ferraris
Law Office of Garry Ferraris
800 S. Gay Street, Suite 650
Knoxville, Tennessee 37929

For the Defendant:

John E. Winters
Kramer Rayson LLP
P.O. Box 629
Knoxville, Tennessee 37901-0629

Kristi McKinney Stogsdill
Consolidated Nuclear Security, LLC
P.O. Box 2009
Oak Ridge, Tennessee 37831

Also Present:

James C. Walters
Levi McDaniel

# I N D E X

THE WITNESS: NATHAN PHILLIP POE


| Page: | |
|---|---|
| 4 | Examination by Mr. Winters |

| Exhibits: | Page: | Description: |
|---|---|---|
| 92 (filed) | 10 | Wage Statement 2018-2022 |
| 93 (filed) | 45 | Argus Badge Reader records 2018-2022 |
| 94 (filed) | 46 | Lenel Badge Reader records 2018-2022 |
| 95 (filed) | 47 | Wage Type Report 2018-2022 |
| 96 (filed) | 48 | ATT Report 2018-2022 |
| 97 (filed) | 49 | PTBAL Report 2018-2022 |
| 98 (filed) | 49 | Kronos Attendance Verification Records 2020-2022 |
| 99 (filed) | 52 | Map of Y-12 |

The deposition of NATHAN PHILLIP POE, called as a witness at the instance of the Defendant, for purposes of discovery, pursuant to the applicable sections of Federal Rules of Civil Procedure, taken by agreement on August 10, 2023, before Todd Humble, Licensed Court Reporter and Notary Public, at the law office of Kramer Rayson LLP, 800 South Gay Street, Suite 2500, Knoxville, Tennessee, pursuant to the stipulation of counsel.

STIPULATIONS

It being agreed that Todd Humble, Licensed Court Reporter and Notary Public, may swear the witness, report the deposition in machine shorthand, afterwards reducing the same to typewriting.

All objections except as to the form of the question are reserved to on or before the hearing.

It being further agreed that all formalities as to notice, caption, certificate, transmission, et cetera, including the reading of the completed deposition by the witness and the signature of the witness, are expressly waived.

NATHAN PHILLIP POE,

called as a witness at the instance of the Defendant, having first been duly sworn, was examined and deposed as follows:

EXAMINATION

BY MR. WINTERS:

Q Mr. Poe, would you please state your name?

A Nathan Phillip Poe.

Q Have you ever given a deposition before?

A Yes.

Q In what kind of case?

A It was a car wreck.

Q Like that case, I'll be asking you some questions today. If at any point I ask you a question you don't understand, if you will ask me to repeat it or rephrase it, I'll be happy to, okay?

A Yes.

Q And if you give an answer to a question, will it be fair for me to assume you understood the question?

A Yes.

Q Can you hear me okay?

A Yes.

Q Do you do that every day?
A Yes.
Q How long does it take you to change clothes?
A It don't take me five minutes if that, just a few minutes.
Q What type of clothes do you change into?
A I change into fire retardant pants and long sleeve company shirt, in addition to a belt that is metal proof, and safety toed shoes.
Q How did you describe the belt?
A Non-metallic.
Q What do the fire retardant pants look like?
A They're blue.
Q What type of material?
A I'm not sure, sir.
Q Do you wear those pants every day?
A Every day, yes.
Q What type of shirt do you wear?
A I wear a long sleeve company issued -- I think it's Carhartt brand.
Q Does it have a collar?
A No, sir.

Q Is it the same type of material as this?
A It appears to be.
Q Brown pants?
A It appears to be, but it is FR rated.
Q Do you ever have to wear any other protective clothes?
A Yes.
Q What other types of clothes do you have to wear on occasion?
A Goggles, aprons, face shields, hard hats, safety vests, gloves, glasses.
Q Do you typically put those items on after the pre-shift meeting?
A Yes.
Q And that would be during a period for which you're being paid?
A Yes. So I have my base clothes that I put on and some things are added depending on the scope.
Q When you leave the change house do you take anything with you other than the brown fire retardant shirt?
A No, sir.
Q And then after you leave the change house, I take it you then hit the Kronos device or swipe

Q Are you required to put on coveralls?
A Well, something like Tyvek, is that your question?
Q Right.
A Sometimes, yes.
Q When you go into a beryllium area are you required to sign in?
A Absolutely.
Q And when you sign in does it require you to certify that you're wearing certain protective gear?
A Yes, sir.
Q And when you put on that protective gear is that something that you do after your pre-shift meeting?
A No.
Q Have you ever put on Tyveks in the change house?
A No. I'm just going back to the company clothes because it will say that directly in that permit.
Q Have you ever put on Tyvek clothes in the change house?
A No.
Q Is that something you always put on after the pre-shift meeting?

A Usually.

Q In what circumstances would you put it on before the pre-shift meeting?

A I don’t know of any.

Q Has it ever happened?

A No.

Q So you always put the Tyvek clothes on after the pre-shift meeting?

A Yes.

Q And after the pre-shift meeting is there a period of time when you’re being paid to do that?

A It is.

Q When you put on the other protective gear to work in the beryllium area, you put that on after a pre-shift meeting, don’t you?

A With the exception of my pants and my shirts that are listed in that permit.

Q You couldn’t wear those pants and shirts without something over them in a beryllium area, could you?

A Would you ask that again?

Q Sure. You couldn’t wear your flame retardant pants and your regular long sleeve work shirt into a beryllium area without some type of additional covering, could you?

A I'm not sure. You could be in an BE area in company clothes. I'm not sure if you're talking about regulated beryllium area, a buffer area. What kind of area are you referring to?

Q Well, do you have to wear Tyvek covering in a -- well, when do you wear the Tyvek clothing?

A Usually regulated areas, but there's different levels of those areas within your question.

Q What are the other areas?

A Beryllium buffer areas, beryllium storage areas, so it's kind of broad.

Q What's the difference between a beryllium regulated area and a beryllium buffer area?

A The level of contamination present.

Q What's the difference between a beryllium buffer area and a beryllium storage area?

A The amount of material or airborne. There's other variables. It all boils down to the concentration of the element and what level of protection is required, but at the very minimum my company clothes is one of those on the permit listed.

Q Which of those areas are you able to only wear the clothes that you change into?

A Buffer areas.

Q What about storage areas?
A I'm not sure. I believe that I can enter those areas in my company clothes. I know I cannot in a regulated.
Q So when you work in a buffer area you don't have to change into more protective gear?
A No, sir.
Q Or add more protective gear?
A Correct.
Q When you work in a regulated area, you do have to change into more protective gear?
A I do.
Q When you work in a storage area you're not sure whether you need more protective gear or not?
A It's a case by case, but correct. It's the same with the RAD.
Q Are there different levels of RAD areas?
A Yes, sir.
Q What are the different levels?
A There's high radiation, regular contamination areas, there's also storage and buffer areas. So there's different tiers and levels. For instance, at the lab I had to have company issued long sleeve shirts to go into certain areas of most all the

labs. So that's the same PPE that I'm putting on prior to go to, you know, my briefing and all that stuff.

Q What RAD areas are you able to enter with simply the clothes that you change into?

A Storage area, maybe a RAD buffer area, or like a BCS scenario. And you can actually go in in regular company clothes up until like a high contamination level. And I'm not sure on the levels, or whatever, but there are different tiers to the level of PPE that I'm required to wear within those.

Q And when you have to go into a high radiological area you have to change into or add protective layers of clothing, don't you?

A Correct. I have to add to what I've already wore for my company base clothes.

Q And what do you have to add to your company base clothes?

A There's a permit by permit case scenario, but it could be Tyvek, Saranex, or any combination of those, in addition to respiratory.

Q And all of those additional clothes are added after your pre-shift meeting?

A They are.

Q Is it your understanding that the Kronos devices are attendance verification or for

C E R T I F I C A T E

STATE OF TENNESSEE:

COUNTY OF SEVIER:

I, Todd Humble, Licensed Court Reporter and Notary Public, do hereby certify that I reported in machine shorthand the above testimony, and that the foregoing 70 pages were typed under my personal supervision and constitute a true and accurate record of the proceedings.

I further certify that I am not an attorney or counsel for any of the parties; nor a relative or employee of any attorney or counsel connected with the action; nor financially interested in the action.

This        day of                    , 2023.

Todd Humble, Licensed Court
Reporter and Notary Public
My commission expires: 7-2-2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| RAYMOND HUTZLER, ET AL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| VS. | ) | No. 3:21-cv-304-TAV-DCP |
| | ) | |
| CONSOLIDATED NUCLEAR, SECURITY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DEPOSITION OF RANDALL M. RUTH

AUGUST 11, 2023

EMILY A. HEADRICK
LICENSED COURT REPORTER
POST OFFICE BOX 751
TOWNSEND, TENNESSEE 37882
(865) 216-0648

APPEARANCES:

MR. GARRY FERRARIS
Law Office of Garry Ferraris
800 S. Gay Street, Suite 650
Knoxville, Tennessee 37929
(865) 584-2144
gferraris@ferrarislaw.com
Attorney for the Plaintiffs

MR. EDWARD G. PHILLIPS
Kramer Rayson, LLP
PO Box 629
Knoxville, Tennessee 37901-0629
(865- 525-5134
ephillips@kramer-rayson.com
Attorney for the Defendant

MS. KRISTI McKINNEY STOGSDILL
Consolidated Nuclear Security, LLC
PO Box 2009
Oak Ridge, Tennessee 37831-2009
(865) 241-0043
kristi.stogsdill@pxy12.doe.gov
Attorney for the Defendant

## INDEX TO DEPOSITION


| RANDALL M. RUTH | PAGE |
|---|---|
| Examination by Mr. Phillips | 4 |
| Examination by Mr. Ferraris | 50 |
| Examination Continued by Mr. Phillips | 51 |


## EXHIBITS


| Exhibit | Description | Page |
|---|---|---|
| 135 | Job Posting | 7 |
| 136 | Wage Statements | 10 |
| 137 | Organization Chart | 14 |
| 138 | Lenel Badge Reader Records | 29 |
| 139 | Argus Badge Reader Records | 30 |
| 140 | 2018 PTBAL Report | 31 |
| 141 | 2018 ATT Report | 32 |
| 142 | 2018 to 2022 WageType Report | 32 |
| 143 | Kronos Attendance Verification Records | 34 |
| 144 | Map of Y-12 | 50 |


(Unless provided by counsel to the court reporter, all names are rendered as the best phonetic approximation.)

DEPOSITION

The pretrial deposition of RANDALL M. RUTH, taken by agreement of counsel, for the purpose of discovery, pursuant to the Tennessee Rules of Civil Procedure, before Emily A. Headrick-Johnson, Shorthand Reporter and Notary Public in and for the State of Tennessee at Large, on the 11th day of August, 2023, at the law offices of Kramer Rayson, LLP, 800 South Gay Street, Suite 2500, Knoxville, Tennessee.

It is agreed that the reporter may swear the witness, that she may take the deposition in machine shorthand, and reduce her notes to typewritten form.

All objections except as to the form of the question are reserved until the time of hearing.

All formalities as to caption, certificate, and transmission are expressly waived.

RANDALL M. RUTH,

having been first duly sworn,

was examined and deposed as follows:

EXAMINATION

BY MR. PHILLIPS:

Q. State your name, please.

A. Randall M. Ruth.

Q. Is it okay if I call you Randall?

A. Randy.

Q. Yes. Okay. But everything else that you put on you've told me about?

A. Yes, sir.

Q. All right. Now, after you change into clothing, is there any other activity that you claim you should have been paid for that you have not been paid for?

A. No.

Q. Okay. So the only thing you're claiming is you should be paid for changing clothes?

A. Changing clothes.

Q. How long does it normally take you in the morning to change out of your street clothes and change into the company clothes?

A. Five minutes, six -- five, six minutes.

Q. Okay. I gather your change house, you have your own locker. You put your street clothes in the locker, you lock the locker, you put the company clothes on, then when you come back at the end of the day you just reverse the process?

A. Reverse the process.

Q. Okay. We're at the point where we're going to have to put some company records in as exhibits to your deposition.

A. Yes, sir.

Freon, do you put on any kind of personal protective equipment, PPE, before you start that work?

A. Usually. Well, of course, we got to have our shoes and everything with the composite toes and everything.

Q. Right.

A. Safety glasses is a must, gloves, hearing protection because I'm usually in the chiller buildings and it's rather loud in there.

Q. Okay.

A. And on occasions -- on -- on freak occasion we might have -- we have a chiller or something leaking refrigerant, then we will have to evacuate, and we'll have to get the scuba gear.

Q. And, just for the record, what is scuba gear?

A. It's just like you're going scuba diving. It's a tank that goes on your back. You get the fire hall -- we have to call the fire hall, the fire department, and they come out and issue us a --

Q. If --

A. -- a mask --

Q. If that material is leaking, it's very flammable?

A. The refrigerant?

Q. Yes.
A. No, no.
Q. But, nevertheless, you put on scuba gear if you have that, so --
A. Yes, it will asphyxiate you. It can --
Q. Well, we don't want that.
A. It can make you dead in just a little while.
Q. Okay. Now, all the things that you've told me that you put on before you start your work activity, is all of that done on the clock?
A. Yes, sir.
Q. And at the end of your work activity you would take off the gloves, everything you had put on and you would --
A. Uh-huh. (Affirmative)
Q. -- do that, also, on the clock?
A. Yes, sir.
Q. Do you track your time in 1time or does your supervisor track it?
A. My supervisor.
Q. You know what 1time is?
A. I do.
Q. It's the electronic payroll record.
A. With our bosses changing the way they've

C E R T I F I C A T E

STATE OF TENNESSEE

COUNTY OF BLOUNT:

I, Emily A. Headrick-Johnson, Court Reporter and Notary Public, do hereby certify that I reported in machine shorthand the above testimony, and that the foregoing pages were typed under my personal supervision and constitute a true and accurate record of the proceedings.

I further certify that I am not an attorney or counsel for any of the parties, nor a relative or employee of any attorney or counsel connected with the action, nor financially interested in the action.

This 18th day of August, 2023.




Emily A. Headrick-Johnson, LCR #421
Court Reporter and Notary Public

My commission expires:
February 28, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

RAYMOND HUTZLER, ET AL,

Plaintiffs,

v. No. 3:21-CV-304-TAV-DCP

CONSOLIDATED NUCLEAR SECURITY, LLC,

Defendants.

DEPOSITION OF DANIEL W. SHELTON

August 31, 2023

Reporter: Todd Humble, LCR

APPEARANCES OF COUNSEL:

For the Plaintiffs:

Garry Ferraris
Law Office of Garry Ferraris
800 S. Gay Street, Suite 650
Knoxville, Tennessee 37929

For the Defendant:

Edward G. Phillips
Kramer Rayson LLP
P.O. Box 629
Knoxville, Tennessee 37901-0629

Andrea Ferencei
Consolidated Nuclear Security, LLC
P.O. Box 2009
Oak Ridge, Tennessee 37831

# I N D E X

THE WITNESS: DANIEL W. SHELTON


| Page: | |
|---|---|
| 5 | Examination by Mr. Phillips |
| 82 | Examination by Mr. Ferraris |

| Exhibits: | Page: | Description: |
|---|---|---|
| 189 (filed) | 8 | ESH-Y Radiological Control Technician Job Posting |
| 190 (filed) | 16 | Wage Statements |
| 191 (filed) | 23 | Field Operations Organization Chart |
| 192 (filed) | 63 | Lenel Badge Reader records |
| 193 (filed) | 65 | Argus Badge Reader records |
| 194 (filed) | 66 | PTBAL Report |
| 195 (filed) | 66 | ATT Report |
| 196 (filed) | 67 | Wage Type Report |
| 197 (filed) | 68 | Kronos Attendance Verification records |
| 198 (filed) | 73 | Map of Y-12 |

The deposition of DANIEL W. SHELTON, called as a witness at the instance of the Defendant, for purposes of discovery, pursuant to the applicable sections of Federal Rules of Civil Procedure, taken by agreement on August 31, 2023, before Todd Humble, Licensed Court Reporter and Notary Public, at the law office of Kramer Rayson LLP, 800 South Gay Street, Suite 2500, Knoxville, Tennessee, pursuant to the stipulation of counsel.

STIPULATIONS

It being agreed that Todd Humble, Licensed Court Reporter and Notary Public, may swear the witness, report the deposition in machine shorthand, afterwards reducing the same to typewriting.

All objections except as to the form of the question are reserved to on or before the hearing.

It being further agreed that all formalities as to notice, caption, certificate, transmission, et cetera, including the reading of the completed deposition by the witness and the signature of the witness, are expressly waived.

DANIEL W. SHELTON,

called as a witness at the instance of the Defendant, having first been duly sworn, was examined and deposed as follows:

EXAMINATION

BY MR. PHILLIPS:

Q Would you state your name for the record, please?

A Daniel W. Shelton.

Q Do you go by Danny or Daniel, or do you care?

A Danny.

Q Danny, okay. Is it okay if I call you Danny?

A Oh, yeah.

Q We've got just some very short rules that I will breeze through. You understand today that you're under oath?

A Yes, sir.

Q And anything you say would be just like you say it in court.

A Yes, sir.

Q Only one of us can speak at a time, so I'll try to let you finish your answer and you'll try to let me finish my question; is that okay?

Q Every day, okay. And do you change clothes at the change house at 9996?

A Yes.

Q Now, I have been told by your supervisor at times you may change clothes in your office.

A Yes, in the cubicle.

Q In the cubicle?

A Yes, sir.

Q And how do you get the clothes to change into in the cubicle?

A It's in the change house.

Q You pick the clothes up at 9996?

A Yes, sir.

Q And you go to your cubicle and that's where you would change?

A Yes, sir.

Q And it's all before the shift?

A I try to be, yes.

Q How long does it take you to change clothes?

A About five minutes.

Q And as I understand it, and correct me if I'm wrong, your routine practice is to change into those blue scrubs?

A It’s 9212 in that southeast corner there.
Q Can you mark the southeast corner as best you can --
A I know right where it’s at.
Q -- where you start your day.
A It is located just -- you walk up the dock and it’s right here.
Q Okay, good. And then draw a line down and put cubicle or just put office.
A Office?
Q Put office.
A Uh-huh.
Q Now, we’re done with that. It’s fair to say that in your RCT work you work around, as we all understand, hazardous chemical substances and radioactive materials, right?
A Yes, sir.
Q I assume you put on on top of your pants, shirt, shoes, socks, you put on personal protective equipment every day.
A Yes, sir.
Q PPE?
A Yes.
Q And does what PPE you put on depend

upon your assignment for the day or is it usually --

A No, I've always been instructed that I dress in the manner of the personnel that I'm supporting. Most of the time it's to the level that they are.

Q Can you just give me a thumbnail summary of what PPE you put on most every day?

A Yes, above the scuffs.

Q On top of your scrubs?

A Yes, on top of the scuffs you have a set of plastic booties and rubber booties for your shoes. You have a jumpsuit, a yellow jumpsuit. You have a set of cotton liners, a set of surgeons gloves, the thinner lighter gloves, and then the outer set of the rubber gloves with the taping of all the different things, and if your particular task that day -- I wear a particular skull cap protection. Now, if I wear –

Q That skull cap, what is it made of?

A It's cotton. It's the same thing as -- it's just an extension of the jumpsuit. And if that particular task requires respiratorial protection, you wear a PAPR, a personal powered air respirator.

Q And is it correct, do I understand correctly, that when you put on that PPE it's always after -- it's always on the clock?

A Yes, sir.

Q And you take it off at the end of the day and that's always on the clock?
A That's just during your work time.
Q During your work time, okay. And I think you've told me, you track your own time in One Time?
A Yes, sir.
Q And as I understand it, all of the RCTs in section 9212 E-Wing and 9206, they all track their own time?
A All of us do, yes, sir.
Q And you do that on a daily basis?
A Yes, sir.
Q And then your supervisor approves your time in One time, correct?
A Yes, sir.
Q Are you required to basically, either at the end of the week or the very, very first of the following work week, to verify that your time for the week is correct?
A No, sir, we do it every day.
Q Okay, you do it every day.
A We're required at the end of the day to.
Q Have you ever had a disagreement with

C E R T I F I C A T E

STATE OF TENNESSEE:

COUNTY OF SEVIER:

I, Todd Humble, Licensed Court Reporter and Notary Public, do hereby certify that I reported in machine shorthand the above testimony, and that the foregoing 83 pages were typed under my personal supervision and constitute a true and accurate record of the proceedings.

I further certify that I am not an attorney or counsel for any of the parties; nor a relative or employee of any attorney or counsel connected with the action; nor financially interested in the action.

This day of ,
2023.

Todd Humble, Licensed Court
Reporter and Notary Public
My commission expires: 7-2-2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| RAYMOND HUTZLER, ET AL, | ) | |
| Plaintiffs, | ) | |
| VS. | ) | No. 3:21-cv-304-TAV-DCP |
| CONSOLIDATED NUCLEAR, SECURITY, LLC, | ) | |
| Defendant. | ) | |

DEPOSITION OF TRAVIS THOMPSON

AUGUST 11, 2023

EMILY A. HEADRICK
LICENSED COURT REPORTER
POST OFFICE BOX 751
TOWNSEND, TENNESSEE 37882
(865) 216-0648

APPEARANCES:

MR. GARRY FERRARIS
Law Office of Garry Ferraris
800 S. Gay Street, Suite 650
Knoxville, Tennessee 37929
(865) 584-2144
gferraris@ferrarislaw.com
Attorney for the Plaintiffs

MR. EDWARD G. PHILLIPS
Kramer Rayson, LLP
PO Box 629
Knoxville, Tennessee 37901-0629
(865- 525-5134
ephillips@kramer-rayson.com
Attorney for the Defendant

MS. KRISTI McKINNEY STOGSDILL
Consolidated Nuclear Security, LLC
PO Box 2009
Oak Ridge, Tennessee 37831-2009
(865) 241-0043
kristi.stogsdill@pxy12.doe.gov
Attorney for the Defendant

# INDEX TO DEPOSITION


| TRAVIS THOMPSON | PAGE |
|---|---|
| Examination by Mr. Phillips | 4 |
| Examination by Mr. Ferraris | 45 |
| Examination Continued by Mr. Phillips | 48 |


## EXHIBITS


| Exhibit | Description | Page |
|---|---|---|
| 125 | INF-Y Insulator Job Posting | 7 |
| 126 | Wage Statements | 10 |
| 127 | Organization Chart | 14 |
| 128 | Lenel Badge Reader Records | 29 |
| 129 | Argus Badge Reader Records | 30 |
| 130 | 2018 PTBAL Report | 31 |
| 131 | 2018 ATT Report | 31 |
| 132 | 2018 to 2022 WageType Report | 32 |
| 133 | Kronos Attendance Verification Records | 32 |
| 134 | Map of Y-12 | 44 |


(Unless provided by counsel to the court reporter, all names are rendered as the best phonetic approximation.)

DEPOSITION

The pretrial deposition of TRAVIS THOMPSON, taken by agreement of counsel, for the purpose of discovery, pursuant to the Tennessee Rules of Civil Procedure, before Emily A. Headrick-Johnson, Shorthand Reporter and Notary Public in and for the State of Tennessee at Large, on the 11th day of August, 2023, at the law offices of Kramer Rayson, LLP, 800 South Gay Street, Suite 2500, Knoxville, Tennessee.

It is agreed that the reporter may swear the witness, that she may take the deposition in machine shorthand, and reduce her notes to typewritten form.

All objections except as to the form of the question are reserved until the time of hearing.

All formalities as to caption, certificate, and transmission are expressly waived.

TRAVIS THOMPSON,
having been first duly sworn,
was examined and deposed as follows:

EXAMINATION

BY MR. PHILLIPS:

Q. State your name for the record, please.
A. Travis Thompson.
Q. Is it okay if I call you Travis?
A. Yes, sir.

Q. And, approximately, what time would they release you to go change clothes?
A. 3:35, I think, is the time that's designated.
Q. For a shift ending?
A. Yes, that's when we leave the break room to start traveling toward --
Q. Okay. And trying to -- the shift is -- is this when it ends at 4:15?
A. 4:00 o'clock.
Q. 4:00 o'clock. Okay. So you got twenty-five minutes?
A. Yes.
Q. When you Kronos in prior to the shift, do you Kronos in before you change clothes or after you change clothes?
A. After.
Q. Can you tell me the best estimate of -- we'll get to what the clothes are, but your best estimate of how long it takes you to change clothes in the morning.
A. Three to five minutes, probably.
Q. And I'm trying to picture this. You have your own locker in the change house?
A. Uh-huh. (Affirmative)

at the end of the shift, do you go from your workplace to the change house, change clothes and then come back and Kronos out at 9201-3?

A. Sometimes. That's the reason for my other parking spot. We have a facility right beside Alpha 3 that is 9720-39.

Q. I see that.

A. We have a few lockers and showers in there. I change in there sometimes too because it's air conditioned.

Q. But I don't see any time -- maybe I'm wrong. I don't see any time from this that you have punched in at your 9723-27. And you can confirm it or not, but it looks to me like you routinely punch in at 9201-3, and you punch out at 9201-3.

A. Correct.

Q. Okay. So at times when you're using 9723-27 and you change clothes there, do you go from 9201-3 up to the change house, change clothes and then come back and then badge out?

A. Yes.

Q. Okay. Let's talk about PPE, personal protective equipment. Do you work around hazard chemicals or substances?

A. Yes.

Q. You do asbestos abatement. That would be an example, right?
A. Yes.
Q. What about the insulation itself? I can't picture it. What --
A. Yeah, some of those materials. We use adhesives that are toxic, a spray glue.
Q. Do you put on PPE before you start working with or around hazardous chemicals or substances?
A. Yes.
Q. And can you describe for me what PPE you would normally put on? Tell me the PPE you would normally put on before you go into or work with a hazardous substance.
A. Gloves --
Q. And if it's different than --
A. Yeah, it's different for different --
Q. Let's just cover them all.
A. Okay. Gloves, safety glasses, respirator, disposable suit.
Q. What was that last one?
A. Disposable suit, a Tyvek suit.
Q. Stop you there. Is a Tyvek suit for when you're going into a RAD area?
A. Asbestos.

Q. Asbestos?
A. Yeah.
Q. Okay. Keep going, then. Did you say gloves?
A. Yeah. Kevlar sleeves, and we do wear FR clothing sometimes.
Q. Meaning, for the record, fire resistant?
A. Yes, fire --
Q. Fire resistant?
A. -- resistant, yes.
Q. And those items that you put on, depending upon the job, are items that you put on on the paid shift after the morning meeting and before you go in to do whatever the assignment is?
A. Yes.
Q. Do you track your time on 1time, or does your supervisor?
A. Supervisor.
Q. And do you review what your supervisor has entered, at least before the payroll becomes final?
A. Yes, we have to. We started doing that a few months ago, yes.
Q. You do it daily or weekly?
A. Weekly. We verify our time, but that's -- that's something pretty recent.

C E R T I F I C A T E

STATE OF TENNESSEE

COUNTY OF BLOUNT:

I, Emily A. Headrick-Johnson, Court Reporter and Notary Public, do hereby certify that I reported in machine shorthand the above testimony, and that the foregoing pages were typed under my personal supervision and constitute a true and accurate record of the proceedings.

I further certify that I am not an attorney or counsel for any of the parties, nor a relative or employee of any attorney or counsel connected with the action, nor financially interested in the action.

This 17th day of August, 2023.




Emily A. Headrick-Johnson, LCR #421
Court Reporter and Notary Public

My commission expires:
February 28, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

RAYMOND HUTZLER, ET AL,

Plaintiffs,

v. No. 3:21-CV-304-TAV-DCP

CONSOLIDATED NUCLEAR SECURITY, LLC,

Defendants.

DEPOSITION OF JAMES CRAIG WALTERS

August 10, 2023

Reporter: Todd Humble, LCR

APPEARANCES OF COUNSEL:

For the Plaintiffs:

Garry Ferraris
Law Office of Garry Ferraris
800 S. Gay Street, Suite 650
Knoxville, Tennessee 37929

For the Defendant:

John E. Winters
Kramer Rayson LLP
P.O. Box 629
Knoxville, Tennessee 37901-0629

Kristi McKinney Stogsdill
Consolidated Nuclear Security, LLC
P.O. Box 2009
Oak Ridge, Tennessee 37831

Also Present:

Levi McDaniel

# I N D E X

THE WITNESS: JAMES CRAIG WALTERS


| Page: | |
|---|---|
| 5 | Examination by Mr. Winters |
| 38 | Examination by Mr. Ferraris |

| Exhibits: | Page: | Description: |
|---|---|---|
| 100 (filed) | 10 | Wage Statement 2019-2022 |
| 101 (filed) | 23 | Map |
| 102 (filed) | 28 | Wage Type Report 2019 through 2022 |
| 103 (filed) | 29 | ATT Report 2019 through 2022 |
| 104 (filed) | 30 | PTBAL Report 2019 through 2022 |
| 105 (filed) | 30 | Lenel Badge Reader Report 2019 through 2022 |
| 106 (filed) | 31 | Kronos Attendance Verification Records 2020 through 2022 |

The deposition of JAMES CRAIG WALTERS, called as a witness at the instance of the Defendant, for purposes of discovery, pursuant to the applicable sections of Federal Rules of Civil Procedure, taken by agreement on August 10, 2023, before Todd Humble, Licensed Court Reporter and Notary Public, at the law office of Kramer Rayson LLP, 800 South Gay Street, Suite 2500, Knoxville, Tennessee, pursuant to the stipulation of counsel.

STIPULATIONS

It being agreed that Todd Humble, Licensed Court Reporter and Notary Public, may swear the witness, report the deposition in machine shorthand, afterwards reducing the same to typewriting.

All objections except as to the form of the question are reserved to on or before the hearing.

It being further agreed that all formalities as to notice, caption, certificate, transmission, et cetera, including the reading of the completed deposition by the witness and the signature of the witness, are expressly waived.

JAMES CRAIG WALTERS,

called as a witness at the instance of the Defendant, having first been duly sworn, was examined and deposed as follows:

EXAMINATION

BY MR. WINTERS:

Q Mr. Walters, would you please state your name?

A James Craig Walters.

Q Mr. Walters, you were in the room when Mr. Poe gave his deposition, weren't you?

A I was.

Q So you have an understanding of kind of what the process involves.

A I do.

Q If I ask you a question that you don't understand, if you'll ask me to repeat it or rephrase it I'll be happy to, okay?

A Okay.

Q If you give an answer to a question, will it be fair for me to assume you understood it?

A I think so.

Q Where do you live?

A Knoxville.

Q What is your full name? I probably

A Say that again.

Q Are you aware of any other evidence or information that you believe supports your claim for pre-shift pay other than what you've testified to?

A No.

MR. WINTERS: Let me have just a minute.

(Off the record discussion.)

MR. WINTERS: I don't believe I have anymore questions.

EXAMINATION

BY MR. FERRARIS:

Q Just a follow up to clarify a point. You made reference to 10 to 15 minutes around the change house. Is that the actual time you were taking off your street clothes and putting on your work clothes, or tell us, what is the actual time from the time you start changing your clothes till you finish changing your clothes?

A I mean I don't know exactly. I would say from the time I badge in to the time I leave the change house is probably 15 minutes. So actual changing time could be a little less than that, maybe five to ten minutes.

MR. FERRARIS: That's all I have.

MR. WINTERS: Thank you, Mr. Walters.

C E R T I F I C A T E

STATE OF TENNESSEE:

COUNTY OF SEVIER:

I, Todd Humble, Licensed Court Reporter and Notary Public, do hereby certify that I reported in machine shorthand the above testimony, and that the foregoing 38 pages were typed under my personal supervision and constitute a true and accurate record of the proceedings.

I further certify that I am not an attorney or counsel for any of the parties; nor a relative or employee of any attorney or counsel connected with the action; nor financially interested in the action.

This day of ,
2023.

Todd Humble, Licensed Court
Reporter and Notary Public
My commission expires: 7-2-2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

RAYMOND HUTZLER, ET AL,

Plaintiffs,

v. No. 3:21-CV-304-TAV-DCP

CONSOLIDATED NUCLEAR SECURITY, LLC,

Defendants.

# DEPOSITION OF MATTHEW WHITUS

August 4, 2023

Reporter: Todd Humble, LCR

APPEARANCES OF COUNSEL:

For the Plaintiffs:

Garry Ferraris
Law Office of Garry Ferraris
800 S. Gay Street, Suite 650
Knoxville, Tennessee 37929

William B. Ryan

Donati Law, PLLC

1545 Union Avenue

Memphis, Tennessee 38104

For the Defendant:

John E. Winters

Kramer Rayson LLP

P.O. Box 629

Knoxville, Tennessee 37901-0629

Kristi McKinney Stogsdill

Consolidated Nuclear Security, LLC

P.O. Box 2009

Oak Ridge, Tennessee 37831

Also Present:

Raymond Hutzler

INDEX

THE WITNESS: MATTHEW WHITUS


| Page: | |
|---|---|
| 5 | Examination by Mr. Winters |

| Exhibits: | Page: | Description: |
|---|---|---|
| 45 (filed) | 11 | Payroll Report 2018 through 2022 |
| 46 (filed) | 37 | Map of Y-12 |
| 47 (filed) | 43 | Lenel Badge Reader Report 2018 through 2022 |
| 48 (filed) | 44 | ATT Report 2018 through 2022 |
| 49 (filed) | 46 | Kronos Attendance Verification Report 2020-2022 |
| 50 (filed) | 48 | Wage Type Report 2018 through 2022 |
| 51 (filed) | 50 | Argus Badge Reader Report 2018 through 2022 |
| 52 (filed) | 52 | PTBAL Report 2018 through 2022 |

The deposition of MATTHEW WHITUS, called as a witness at the instance of the Defendant, for purposes of discovery, pursuant to the applicable sections of Federal Rules of Civil Procedure, taken by agreement on August 4, 2023, before Todd Humble, Licensed Court Reporter and Notary Public, at the law office of Kramer Rayson LLP, 800 South Gay Street, Suite 2500, Knoxville, Tennessee, pursuant to the stipulation of counsel.

STIPULATIONS

It being agreed that Todd Humble, Licensed Court Reporter and Notary Public, may swear the witness, report the deposition in machine shorthand, afterwards reducing the same to typewriting.

All objections except as to the form of the question are reserved to on or before the hearing.

It being further agreed that all formalities as to notice, caption, certificate, transmission, et cetera, including the reading of the completed deposition by the witness and the signature of the witness, are expressly waived.

MATTHEW WHITUS,

called as a witness at the instance of the Defendant, having first been duly sworn, was examined and deposed as follows:

EXAMINATION

BY MR. WINTERS:

Q Mr. Whitus, would you please state your name?

A Matthew W. Whitus.

Q Have you ever given a deposition before?

A No, sir.

Q You sat through Mr. Freshour’s deposition, didn’t you?

A Yes, sir.

Q So you at least understand kind of what the process is like?

A Yes.

Q I’ll be asking questions. If I ask a question you don’t understand, if you’ll ask me to repeat it or rephrase, I’ll be happy to, okay?

A Good deal.

Q And if you give an answer to a question, will it be fair for me to assume you understood the question?

clothing before you leave the change house?

A No.

Q What about on days when it's cold?

A I have -- I mean we've got company issued jackets, you know, big coats like hoodies, just whatever's appropriate.

Q And are those designed to provide warmth?

A Yes.

Q Do you put on anything else designed to provide or enhance your safety in the change house?

A Not in the change house, no.

Q Are there jobs that require you to put on or to take advantage of other protective gear that's designed to enhance your safety?

A Yes, yes, we're frequently -- many of our jobs. I've seen them wear RAD clothing, stuff of that nature, yes.

Q And what type of protective gear do you wear for those jobs?

A It depends, according to obviously the level of contamination, the area we're going into. It can be anything from plastic gloves, booties, RAD coveralls, to Tyveks, to Saranex, to respirators, TAPRs. It's just the nature of and the hazards of the area we're

going into contamination wise.

Q And when you put on the gloves or the RAD coveralls or Tyveks or respirators, or TAPRs, and I missed one, do you put those on after the pre-shift meeting?

A Yes.

Q And so those items are put on during a period of time for which you're being paid?

A Yes.

Q Are there any other activities that occur before the start of the pre-shift meeting that you believe you should be paid for?

A No. The clothing, the time to change, the essence of the lawsuit is what I believe we should be being compensated for.

Q And then paragraph 15 also says that Defendant has required Plaintiffs to engage in work after the designated quitting time changing clothes and performing miscellaneous work activities.

A Yes.

Q What are you claiming with regard to that provision?

A Now, in my case, since I'm an employee on the east end of the plant and I report on the east end, in my case that does not -- the end of shift time is

Q That's not from him. I don't know who did that. You said there's an E. That's the only marking on that.

A Yeah, I change right there, 9723-27.

Q Then 9737 is the place where you have your pre-shift meeting?

A I change here and I meet there.

Q Can you put an A in the box for 9737?

A Yeah.

Q What time do you typically arrive at the plant?

A I usually arrive 15 or 20 after.

Q Fifteen or twenty after five?

A Yeah.

Q And then you --

A I usually park, then usually I walk up to the change house. My locker is literally on the end of the change house. So I come in the back door and then I usually change, then I usually walk to the other end, hit the clock, and then go on back to the building for the start of the day for the pre-job brief.

Q How long does it take you to go from your parking lot to 9723-27?

A A minute or two.

Q And then how long does it typically

take you to change clothes?

A I maybe spend two to three minutes because I’m right there. I usually have my clothes in my locker and just change and then I progress on.

Q Then after you change clothes do you then walk to 9737?

A Yeah. And like I say and then I usually hit the clock, you know, down there and then go on to 37.

Q When you say hit the clock, are you talking about the Kronos device?

A Yeah.

Q And you do that as you’re exiting the change house?

A Yes.

Q And then you walk, after swiping in Kronos, do you then walk to 9737 for the pre-shift meeting?

A Yes.

Q How long does that take you?

A A minute, two. I mean we’re literally probably maybe a thousand foot from the end of that change house to where my shop is.

Q What time do you typically get to 9737?

A Usually right at, I usually get there

C E R T I F I C A T E

STATE OF TENNESSEE:

COUNTY OF SEVIER:

I, Todd Humble, Licensed Court Reporter and Notary Public, do hereby certify that I reported in machine shorthand the above testimony, and that the foregoing 63 pages were typed under my personal supervision and constitute a true and accurate record of the proceedings.

I further certify that I am not an attorney or counsel for any of the parties; nor a relative or employee of any attorney or counsel connected with the action; nor financially interested in the action.

This day of , 2023.

Todd Humble, Licensed Court
Reporter and Notary Public
My commission expires: 7-2-2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

RAYMOND HUTZLER, ET AL,

Plaintiffs,

v. No. 3:21-CV-304-TAV-DCP

CONSOLIDATED NUCLEAR SECURITY, LLC,

Defendants.

# DEPOSITION OF DAVID JEFFERY WRIGHT

August 9, 2023

Reporter: Todd Humble, LCR

APPEARANCES OF COUNSEL:

For the Plaintiffs:

Garry Ferraris
Law Office of Garry Ferraris
800 S. Gay Street, Suite 650
Knoxville, Tennessee 37929

For the Defendant:

Edward G. Phillips
Kramer Rayson LLP
P.O. Box 629
Knoxville, Tennessee 37901-0629

Kristi McKinney Stogsdill
Consolidated Nuclear Security, LLC
P.O. Box 2009
Oak Ridge, Tennessee 37831

Also Present:

Robert Bryce Graham
Matthew Ashburn

# I N D E X

THE WITNESS: DAVID JEFFERY WRIGHT


| Page: | |
|---|---|
| 5 | Examination by Mr. Phillips |

| Exhibits: | Page: | Description: |
|---|---|---|
| 63 (filed) | 7 | Machinist Job Title MFG-Y Machinist 7151 |
| 64 (filed) | 13 | Wage Statements 2018-2022 |
| 65 (filed) | 17 | Fabrication Operations Organization Chart |
| 66 (filed) | 42 | Lenel Badge Reader records 2018 through 2022 |
| 67 (filed) | 43 | Argus Badge Reader records 2018 through 2022 |
| 68 (filed) | 43 | PTBAL Reports 2018 through 2022 |
| 69 (filed) | 44 | ATT Reports 2018 through 2022 |
| 70 (filed) | 44 | Wage Type Reports 2018 through 2022 |
| 71 (filed) | 45 | Kronos Attendance Verification records 2020 through 2022 |
| 72 (filed) | 47 | Map og Y-12 |

The deposition of DAVID JEFFERY WRIGHT, called as a witness at the instance of the Defendant, for purposes of discovery, pursuant to the applicable sections of Federal Rules of Civil Procedure, taken by agreement on August 9, 2023, before Todd Humble, Licensed Court Reporter and Notary Public, at the law office of Kramer Rayson LLP, 800 South Gay Street, Suite 2500, Knoxville, Tennessee, pursuant to the stipulation of counsel.

STIPULATIONS

It being agreed that Todd Humble, Licensed Court Reporter and Notary Public, may swear the witness, report the deposition in machine shorthand, afterwards reducing the same to typewriting.

All objections except as to the form of the question are reserved to on or before the hearing.

It being further agreed that all formalities as to notice, caption, certificate, transmission, et cetera, including the reading of the completed deposition by the witness and the signature of the witness, are expressly waived.

DAVID JEFFERY WRIGHT,

called as a witness at the instance of the Defendant, having first been duly sworn, was examined and deposed as follows:

EXAMINATION

BY MR. PHILLIPS:

Q Good morning. I want to be sure, do you go by David or Jeff?

A My correct name is David, but I go by Jeff.

Q All right. So is it okay if I call you Jeff?

A That’s fine.

Q Would you just state your name for the record, please?

A My name is David Jeffery Wright.

Q I’m going to just very cursorily summarize some of the things that you probably need to know before we take the deposition.

A Okay.

Q Number one, you’re under oath, right?

A Uh-huh.

Q And number two, we can only have one of us speaking at a time; is that okay?

A Okay.

up and change clothes before the end of the shift?

A Yes, they allow you, I think, 20 minutes to go and change clothes before the change of shift and that gives you time to shower. Unlike me in the MAA, I still ain't ready to go home because I still have to walk out.

Q Do you typically shower after the workday because you've been in the MAA?

A No. Our showers up there, they took them out of service.

Q So there is no shower?

A There is no shower.

Q Okay. But do I understand you to say you're released basically 20 minutes before the end of the shift to go change clothes?

A Yes.

Q Is that a reasonable amount of time to change clothes, 20 minutes?

A 20, 30 minutes, yeah. I would say 20 minutes. You know, how long does it take you to shower and put on your clothes, you know, ten minutes to shower, five to ten minutes to put on your clothes.

Q You don't take a shower though?

A No.

Q How long -- is it your testimony --

A Wait a minute now. Do I spend a hundred percent of my time inside the MAA?

Q Yes.

A No.

Q Okay. Well, tell me then, your shop area, is there part of it in the MAA and part of it is not?

A Part of the shop area -- the shop itself where I work is, but my break room is outside.

Q I’m not talking about the break room. Once you get into the shop area, is it all MAA?

A Yes.

Q Okay. So my question was do you work around hazardous chemicals or substances?

A Yes.

Q And do you put on personal protective equipment before you go into the shop area?

A Yes.

Q Can you describe the PPE you put on before you go into the shop?

A Well, starting with the clothes, they consider those, you know, protective because you don’t want to get your street clothes dirty. And then I also have to, once I get in there, I have to put on a pair of gloves. I have to put on a pair of little plastic

booties over the top of your safety shoes, each one of them. Then I have to put on a pair of coveralls over top of that one and then, of course, your safety glasses.

Q Okay. And do you put those on, as I understand it, after the morning meeting?

A Yes.

Q So have you told me all the types of PPE you would put on after the morning meeting? You've described them all. I'm just trying to get it down.

A Yeah, pretty much. And we put another set of rubber booties over top of the little plastic shoe covers. They call them shoe covers and the rubber is over the top of that.

Q And all of that is to protect you from whatever substances are in the MAA?

A Right.

Q It's fair to say you don't ever put on PPE before the morning meetings? And I'm not talking about clothing. I'm talking about the rest of it?

A No, no.

Q You don't ever put it on before the meeting?

A No.

Q You always put it on after the meeting and you always take it off before the end of the shift?

A Yes. What you have to do is, before I enter into my work area, the machine shop area, H-2 let's say, H-2 area, I have to put all that clothing on. Then I go in there and do my work, whatever machining, and then as you exit out of there, because it is a radiological work area, a high contamination area, you have to doff all those clothes and leave them in there.

We have a radiation buffer area. So I have to take all those clothes off, put them in different various bins, trash and then to be re-washed, and then I step out into the buffer area from the radiation and then you go through the scanners to get -- for the RADCON to get out, and then you can exit out of the MAA. From that point, you can go up, and then up into the break room.

Q Okay. And all of that is done on the clock, right?

A All that's done on the clock.

Q Then when you get to the break room you go straight into the change house at the end of the shift?

A Yes, it varies, you know. Sometimes we get done a little bit earlier. It's not a -- you know.

Q When you get done a little earlier, what do you do?

C E R T I F I C A T E

STATE OF TENNESSEE:

COUNTY OF SEVIER:

I, Todd Humble, Licensed Court Reporter and Notary Public, do hereby certify that I reported in machine shorthand the above testimony, and that the foregoing 71 pages were typed under my personal supervision and constitute a true and accurate record of the proceedings.

I further certify that I am not an attorney or counsel for any of the parties; nor a relative or employee of any attorney or counsel connected with the action; nor financially interested in the action.

This day of ,
2023.

Todd Humble, Licensed Court
Reporter and Notary Public
My commission expires: 7-2-2024